BOARD OF EDUCATION OF THE CITY OF DETROIT v.
LACROIX.

1. EMINENT DOMAIN — COURTS — THAT PROCEEDINGS WERE HAD
BEFORE MORE THAN ONE JUDGE IN SAME CIRCUIT IMMATERIAL.
That a petition in condemnation proceedings under 1
Comp. Laws 1915, §§ 353-373, as amended by Act No. 37,
Pub. Acts 1925, came on to be heard before a jury im-
paneled before a certain judge in Wayne county, was
assigned to another judge for hearing, and the charge to
the jury was read by still another judge, where all were
judges of the same circuit, *held*, no cause for objection
in this class of cases; the jury being judge of both the
law and the facts.

2. SAME—NECESSITY—EVIDENCE—SUFFICIENCY.
In proceedings by a school board to condemn private land
for use, in connection with other land, for a playground,
athletic field, and for future extensions of a high school,
evidence *held*, sufficient to justify a finding of necessity.

3. SAME—DAMAGES—COMPENSATION AWARDED NOT DISTURBED IF
WITHIN RANGE OF TESTIMONY.
Where the award of $114,795.87 by the jury as compensa-
tion for land condemned for school purposes was within
the range of values fixed by the testimony of the wit-
nesses, it is not disturbed, on review, although there was
a variance in the testimony of more than $100,000.

4. SAME — COURTS — JURISDICTION — DETROIT CHARTER—BOARD OF
EDUCATION OF DETROIT IS DISTINCT CORPORATION FROM CITY.
Objection that the circuit court of Wayne county is with-
out jurisdiction in proceedings by the board of education
of the city of Detroit to condemn land for school purposes
because the charter of said city confers jurisdiction in
such cases upon the recorder's court is without merit,
where the proceedings were not instituted under the
charter but under the statute (1 Comp. Laws 1915, §§

---

¹Eminent Domain, 20 C. J. §§ 380 (Anno), 381; Schools and
School Districts, 35 Cyc. p. 932; ²Eminent Domain, 20 C. J. §
384; ³Id., 20 C. J. § 488; ⁴Id., 20 C. J. § 331; Schools and School
Districts, 35 Cyc. p. 832.

353-373, as amended by Act No. 37, Pub. Acts 1925), section 356 expressly conferring jurisdiction in such cases upon the circuit courts; the board of education of the city of Detroit being a separate and distinct corporation or State agency from the city of Detroit.

Error to Wayne; Dingeman (Harry J.), Webster (Clyde I.), Moynihan (Joseph A.), and Miller (Guy A.), JJ.    Submitted April 26, 1927.    (Docket No. 62.)    Decided June 6, 1927.

Condemnation proceedings by the board of education of the city of Detroit against James E. Lacroix to acquire land for school purposes.    Judgment confirming the award of the jury.    Defendant brings error.    Affirmed.

*William Look* and *Frank A. Martin,* for appellant.

*Charles P. O'Neil,* Corporation Counsel, and *Arthur F. Lederle,* Assistant Corporation Counsel, for appellee.

SNOW, J.    The board of education of the city of Detroit instituted condemnation proceedings against defendant's and other property by virtue of sections 353-373, 1 Comp. Laws 1915, as amended by Act No. 37, Pub. Acts 1925,

"for use as a site for a schoolhouse in connection with other private property for said purposes heretofore acquired by said board of education of the city of Detroit, and to constitute with said other private property a site for a playground, an athletic field, and future extensions of the Southeastern high school."

The petition came on to be heard before a jury impaneled before Hon. Harry J. Dingeman of the Wayne circuit, who was not, however, in actual attendance. Judge Dingeman then assigned the case to Judge Clyde I. Webster.    No request for any ruling was made throughout the hearing, and, at its close, Judge Webster being absent, Judge Moynihan, who is paired

with Judge Webster according to the custom and practice of the court, was assigned to charge the jury. The record contains the following certificate of Judge Moynihan:

"I, Joseph A. Moynihan, one of the circuit judges of the third judicial circuit, do hereby certify that I read a charge in the foregoing case to the jury, and that the said charge was agreed upon in advance by all the counsel represented in said cause, and handed to me to read to the jury, and after reading the said charge to said jury I had nothing further to do with the said cause."

The jury returned a verdict of the necessity of the proposed improvement and the taking of defendant's property for the purpose, and fixed the award in the sum of $114,795.87. A motion for a new trial was made and heard before Judge Miller, the then presiding judge of the circuit, who entered an order confirming the verdict. Defendant appeals.

He first takes exception to the manner in which the case was transferred from one judge to another, but we discover nothing in this connection by which defendant was or could have been prejudiced or sustained injury. They were all judges of the one circuit court, and the manner of thus handling the proceedings is not uncommon in this class of cases where the jury is judge of both the law and the facts. *In re Widening Harper Avenue*, 237 Mich. 684, and cases there cited. The objection is without merit.

Defendant next insists there was no evidence upon which the jury could base its finding of necessity. In this he is in error. The assistant superintendent of schools testified that in modern education the first thing attempted was to secure the health of the pupils; that a playground in connection with a modern high school was as essential as class rooms or laboratories; that all of the newer schools had them, and that the Southeastern, with 2,000 pupils and still growing greatly,

needed one; that this property was near the school and the best adapted for the purpose of all the other available sites. The desirability of the property was also testified to by the assistant secretary of the board of education. On the trial there was no serious contention made by defendant on the question of necessity. The evidence which might warrant the jury in finding necessity was ample.

Was the compensation awarded by the jury just? In the testimony there was a wide variance of opinion, —more than $100,000. This is perhaps not unusual in condemnation proceedings. The award determined by the jury was within the range of values fixed by the various witnesses. *City of Detroit* v. *Fidelity Realty Co.,* 213 Mich. 448; *Chicago, etc., R. Co.* v. *Jacobs,* 225 Mich. 677; *City of Detroit* v. *Hartner,* 227 Mich. 132. It was based upon competent evidence, and will not be disturbed.

Further claim is made that the circuit court was without jurisdiction to act in the premises, the city charter conferring such jurisdiction upon the recorder's court of Detroit. These proceedings were not instituted under the charter, but under Act No. 149, Pub. Acts 1911 (1 Comp. Laws 1915, §§ 353-373), by the board of education of the city of Detroit, a separate and distinct corporation or State agency, section 4 of which act provides:

"It shall by resolution direct its attorney to institute the necessary proceedings in its behalf in the circuit court of the county where the private property sought to be taken is located, or if said property is in a city, the proceeding may be instituted in the court in said city having general jurisdiction of condemnation proceedings for the opening of streets and highways."

There can be no question as to the jurisdiction of the circuit court. It is expressly conferred by the law under which the proceedings were prosecuted.

239—Mich.—4.

No other objections being raised by appellant, the judgment of the trial court confirming the verdict rendered by the jury is hereby affirmed, with costs to appellee.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.