*In re* PETITION OF DETROIT EDISON COMPANY.

DETROIT EDISON COMPANY *v.* MATUJA.

SAME *v.* MOSSNER.

1. EMINENT DOMAIN—ELECTRIC UTILITY—PRESENT AND NEAR FUTURE NEEDS—EVIDENCE.

Proof in condemnation proceedings by electric utility company, adduced in hearing before commissioners appointed by the probate court, *held*, to support finding of necessity for condemning an easement 200′ wide for erection of high voltage line in order to provide present and reasonably foreseeable near future needs for electrical service in area served which has had a very rapid growth in population during past decade and demands for electric energy are constantly increasing (PA 1923, No 238, as last amended by PA 1957, No 254).

2. SAME—ELECTRIC UTILITY—DETERMINATION OF NECESSITY—DAMAGES—COMMISSIONERS—EVIDENCE.

Determination of necessity for taking property and damages to be awarded in condemnation proceedings by electric utility are solely for court-appointed commissioners as they are the triers of the facts and their findings may not be interfered with by a court if the findings reported are within scope of, and supported by, competent evidence, and material evidence was not erroneously received or improperly excluded (Const 1908, art 13, § 2; PA 1923, No 238, as last amended by PA 1957, No 254).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3] 18 Am Jur, Eminent Domain §§ 36–42, 67, 111.
  Furnishing electricity to public as public use or purpose for which power of eminent domain may be exercised.  44 ALR 735, 58 ALR 787.
[4] 41 Am Jur, Pleading § 291 *et seq.*
[5] 18 Am Jur, Eminent Domain §§ 378, 379.
[6] 3 Am Jur, Appeal and Error §§ 821, 866.

3. SAME—CONDEMNATION PROCEEDINGS—REVIEW BY SUPREME COURT.
Condemnation proceedings, authorized by the Constitution, will not be reviewed by the Supreme Court in the same manner as if the proceeding were one tried before a court and jury according to the course of the common law as such proceedings are not tried before a court (Const 1908, art 13, § 2).

4. SAME—ELECTRIC UTILITY—AMENDMENT OF PETITION.
Probate court's confirmation of report of commissioners the court had appointed upon receipt of petition for condemnation of 200' wide easement across various properties for electric utility *held*, not to have been invalid by reason of amendment to the petition, made in the probate court, to make a slight change in the line so as to obviate the necessity of removing a dwelling (PA 1923, No 238, as last amended by PA 1957, No 254).

5. SAME—PAYMENT OF COMMISSIONERS' FEES—CONSTITUTIONAL LAW.
Fact that petitioner for condemnation of private property for use as an easement upon which to place an electric utility line is required to pay all costs including fees of court-appointed commissioners does not render statute unconstitutional in that commissioners might be inclined to favor the petitioner, since the probate judge fixes the fees payable (PA 1923, No 238, as amended by PA 1957, No 254).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CROSS APPEAL—CONSTITUTIONAL LAW.
Claim that act under which electric utility sought to condemn easement across appellees' property for use for high voltage transmission line was unconstitutional was not properly before Supreme Court for consideration, where they did not cross-appeal from order of the circuit court.

Appeal from St. Clair; Streeter (Halford I.), J. Submitted October 5, 1961. (Docket No. 27, Calendar No. 49,045.) Decided December 1, 1961.

In the matter of the petition of the Detroit Edison Company to condemn a 200-foot right-of-way for purposes of an electric power transmission line. After determination of necessity by commission and confirmation by probate court, defendants Dennis A. and Jennie Matuja, Harold E. Mossner, and other property owners appealed to circuit court. Order entered disapproving width of right-of-way and di-

recting appointment of new commissioners. Plaintiff appeals. Reversed and remanded for entry of order affirming action of probate court.

*Fischer, Sprague, Franklin & Ford (George Hogg, Jr.,* of counsel) and *Loyall G. Watson,* for plaintiff.

*John C. Kane* and *John J. Goetz,* for defendants Dennis Matuja and Jennie Matuja.

*Richard J. Schonk* and *James T. Corden,* for defendants Harold E. Mossner and others.

CARR, J. The petitioner is a public utility operating in the southeastern part of the State in carrying on the business of generating, distributing, and supplying electric energy for domestic and commercial uses. It has generating plants on the Detroit and St. Clair rivers and maintains a network of transmission lines, substations, and other facilities essential to the transaction of its business. The instant proceeding was commenced by petition filed in the probate court of St. Clair county seeking the condemnation of an easement over and along a strip of land 200 feet in width across certain described property. Said proceeding was instituted pursuant to the provisions of the statute providing for the condemnation of property for manufacturing and furnishing power for public use, including the transmission of electric current.*

Pursuant to the statute the petition for condemnation of the desired easement sought the appointment of 3 commissioners to determine the necessity of the proposed public use and the easement sought to be acquired therein, and the just compensation to be

---

* PA 1923, No 238, as amended (CL 1948, § 486.251 *et seq.,* as amended by PA 1957, Nos 67 and 254 [Stat Ann and Stat Ann 1959 Cum Supp § 22.1671 *et seq.*]).

paid therefor by the petitioner. Following a hearing in probate court the prayer of the petition was granted, the commissioners appointed, and testimony offered before them in support of the petition, and by property owners opposing the granting thereof. It appears from the record before us that the requirements of the statute were carefully observed with reference to the procedure to be followed.

At the conclusion of the proofs the commissioners made their report to the court, setting forth their finding of necessity for the 200-foot easement sought by petitioner and awarding damages to the owners of the various parcels involved in the proceeding. On motion, and over the objection of the owners of a number of parcels, the judge of probate entered an order confirming the report. Thereupon the owners of 9 of the parcels of land across which the proposed easement was sought to be established appealed to the circuit court of St. Clair county.

The circuit judge before whom the matter was heard concluded that there was necessity within the meaning of the statute for the establishing of a transmission line but concluded, on the basis of the testimony before the commission, that the width of the easement should not be fixed at 200 feet on the ground that an easement of such width was not required at the time. An order was accordingly entered remanding the case to the probate court with directions to appoint new commissioners whose duty it should be to determine the necessary width of the easement across the 9 parcels of land the owners of which had appealed to the circuit court. From the order so entered petitioner, on leave granted, has appealed to this Court.

It was the claim of petitioner on the hearing before the commissioners and on the trial in circuit court that in order to meet the increasing public demand for electric energy in southeastern Michigan, and

particularly in the counties of Macomb and Oakland, the construction of a high voltage transmission line from its generating plant in East China township, St. Clair county, to a distribution point in Warren township, Macomb county, was necessary. Testimony was introduced indicating that while such an easement as the petition sought was not essential at the time it would become so within a matter of a few years, the limit being placed at 1968. It was further emphasized that if a line merely adequate to render requisite service in the meantime were constructed, with the ordinary standard towers, it would become necessary to take such line down in order to put up a line that would be adequate for transmission of electric energy in the foreseeable future, and that the taking down of one line and putting up the larger construction would be attended with difficulties, would constitute an interference with public relations, and would necessarily increase the cost. Testimony introduced by petitioner, which was not controverted, indicated that the population in each of the counties of Macomb and Oakland had increased approximately 95% in the preceding decade, and that the demand for electric energy was constantly increasing for use in commercial projects as well as for domestic use, including the heating of buildings by such method.

It is the position of the appellant in this Court that its claims before the commissioners were in accord with the established facts, and that the proofs as to past and existing conditions were such as to justify a conclusion as to what might be reasonably anticipated within the ensuing few years. It is, in substance, the claim of appellant that it should be permitted to properly prepare for and to undertake the type of construction that is rapidly becoming a necessity, and that it should not be limited at the present time to the construction of merely standard

service equipment when, as it is claimed, replacement with a high voltage transmission line will become necessary. It is argued that work of this nature requires time and careful planning from an engineering standpoint. We think the proofs before the commissioners fully justified the conclusion that if appellant is now entitled to establish an easement reasonably adequate for the kind of transmission line that will become necessary within the time indicated a width of 200 feet is fairly and reasonably required therefor. The commissioners obviously so found, and there was proof before them to sustain the finding.

In a condemnation proceeding under the statute in question here the determination as to the necessity for the taking, and the damages to be awarded therefor, rests with the triers of the facts, that is, the commissioners. If the questions at issue are properly placed before the commissioners, or the jury, in a proceeding of this kind a court may not interfere if the findings reported are supported by competent testimony. Article 13, § 2, of the State Constitution (1908) provides, in part, that:

"When private property is taken for the use or benefit of the public, the necessity for using such property and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of 12 freeholders residing in the vicinity of such property, or by not less than 3 commissioners appointed by a court of record, as shall be prescribed by law."

In *Ontonagon R. Co.* v. *Norton,* 236 Mich 187, plaintiff sought by condemnation to acquire right-of-way for use as a common carrier of freight and passengers. The commissioners appointed pursuant to the statute returned a finding that it was not necessary for the company to acquire the desired right-of-way for public use and benefit as set forth in its petition.

Thereupon the proceeding was removed to the circuit court by certiorari, where the circuit judge hearing the matter disagreed with the findings of the commissioners and held that as a matter of law a public necessity was established. An order was accordingly entered referring the matter back to the commissioners to fix the damages. Decision of the circuit court was reviewed on certiorari in this Court, and reversed. Quoting the section of the Constitution set forth in part above, it was said (pp 190, 191):

"If the circuit court could find a public necessity from the proofs in this case it might find it in every case where it happened to disagree with the jury, and if this were so the foregoing constitutional provisions would be of very little importance.

"But counsel argue that the court sets aside findings of a jury in such cases, and if the court was of the opinion that the findings of the jury on the question of necessity were overwhelmingly against the weight of the evidence, it could set aside the finding of necessity or no necessity. This might be true had not the Constitution made a jury the sole arbiter of the question of necessity. This is not a common-law proceeding, and on review we do not reverse for errors in the procedure unless the jury has proceeded on a wrong theory or basis to determine the question of necessity or damages, or unless something out of the ordinary has occurred in the proceeding which has obviously influenced the jury to a wrong conclusion. *Toledo, A. A. & G. T. R. Co.* v. *Dunlap,* 47 Mich 456; *City of Detroit* v. *Hartwick,* 204 Mich 635."

In *City of Allegan* v. *Vonasek,* 261 Mich 16, the plaintiff city sought to condemn property of defendants for the establishment of a hydroelectric light and power plant. Defendants challenged the necessity for such undertaking, contending that because of the existing service there was no public necessity for the proposed improvement. The circuit judge defined the term "necessity" to the jury in instruc-

tions that were considered proper. It was the claim of defendants, however, that the judge should have charged the jury that no necessity had been established. This Court held that (p 21):

"The question of necessity was for the jury, and its verdict will stand."

In accord with the above decisions is *In re Brewster Street Housing Site,* 291 Mich 313. There the Court, citing a number of prior decisions as to the function of a jury, or commissioners, in condemnation proceedings, said (p 343):

"It is contended, however, the trial court erred in its rulings upon the admissibility of testimony. Proceedings for the condemnation of property are not tried before a court. The constitutional tribunal here involved was a jury of 12 freeholders residing in the vicinity of such property. They were charged by the Constitution of this State with the duty to determine whether there was a necessity for using such property sought to be taken, and if they found there was a necessity for taking such property for a public use, to fix the just compensation to be made therefor. This seems plain from article 13, § 2, Constitution of 1908. Proceedings under this section of the Constitution, therefore, will not be reviewed in the same manner as if the proceeding were one tried before a court and jury according to the course of the common law."

In *In re Acquisition of Land for Recreational Purposes,* 319 Mich 212, a majority of this Court concluded that certain testimony which the trial judge refused to admit should have been received. Commenting thereon, and on the determination of the issue of necessity, it was said (p 220):

"This Court cannot say how heavily the testimony which the trial judge refused to admit might have weighed in the balance, when the jury were consider-

ing the question of necessity. It should have been admitted. Nor do we pass upon the merits of the question whether there is any necessity for condemning the lands in question. That was for the jury. In view of this conclusion, other questions raised by appellants do not require consideration."

The nature and scope of an appeal from probate court to circuit court in a condemnation proceeding was discussed in *Michigan Gas Storage Company* v. *Gregory,* 341 Mich 34, where it was recognized that under the rule observed in prior decisions such an appeal does not provide for a trial *de novo* of the issues as to necessity and damage. See, also, *In re Widening of Fulton Street,* 248 Mich 13 (64 ALR 1507) ; *In re Huron-Clinton Metropolitan Authority,* 306 Mich 373; *New Products Corporation* v. *State Highway Commissioner,* 352 Mich 73.

The foregoing decisions clearly establish the rule that under the pertinent constitutional provision, and the statutes enacted pursuant thereto, the finding of a jury or of commissioners in a condemnation proceeding is final as to the issue of necessity and the awarding of damages if within the scope of the proofs, unless it appears that material testimony was erroneously received or improperly excluded, or that a material matter involved was determined on an improper basis.

*Grand Rapids Board of Education* v. *Baczewski,* 340 Mich 265, is not at variance with the cases cited. There the plaintiff sought to condemn a site for the possible erection of a school building in the indefinite future extending up to a period of at least 30 years before the necessity therefor might arise. As appears from the opinion in the case plaintiff sought to justify the action on the ground that the property could be obtained for less than it might be worth in future years. The trial court acquiesced in such theory and the jury's finding of necessity was ap-

parently based thereon. In other words, the actual use of the property was somewhat problematical and the existing situation indicated clearly that the land, if acquired, would not be used as a school site in the near future or within a reasonably immediate period of time.

The factual situation in the controversy now before us is not analogous to that presented in the above cited case. Here, as expressly found by the commissioners and by the circuit judge, there was a necessity at the time of the hearing for the construction by appellant of a line for the transmission of electric energy. It is not denied that within the near future a high voltage transmission line will be required. Bearing in mind the nature of the project, the extent thereof, the necessities of the section of Michigan to be served thereby, and the desirability of handling the project in a reasonably businesslike manner, may it be said that the commissioners had before them no proper showing on which to base a finding that the establishment of the requested easement was necessary to the accomplishment of the desired end for the public benefit? The alternative, as before suggested, involved the compelling of 2 separate projects, 1st, the construction of standard towers and standard transmission lines for present service, on an easement perhaps less in width than that requested, and, 2d, further proceedings within a very few years for a wider easement and the construction of the desired high voltage transmission system with its larger and higher towers, and the reasonable necessity for more land on which to operate. On the basis of the record before us, we think that the finding of the commissioners with reference to the matter of necessity was within the scope of the proofs, that the judge of probate was correct in so holding, and that the circuit judge was in error

in reversing the order of the probate court and directing a new proceeding before new commissioners.

On behalf of certain appellees a brief has been filed in this Court on appeal contending that the circuit judge was in error in not dismissing the proceeding on the ground that the statute is unconstitutional, and that an amendment made in probate court to the petition was improper. Apparently the latter claim rests on the theory that subsequent proceedings were nullified. We think that the claim is not well-founded. The amendment in question involved merely a slight change in the line of the proposed transmission system to obviate the necessity of removing a dwelling house. The commissioners acquiesced in the amendment, and the judge of probate, in confirming the report as against the objection, among others, based on the amendment, obviously considered it proper.

The objection to the proceeding on constitutional grounds rests on the claim that, since the petitioner in the condemnation proceeding is required by statute to pay all costs, the commissioners would be inclined to favor the petitioner on the theory that they might increase the amount of their fees by so doing. The answer is, of course, that the judge of the court fixes the amount to be paid to the commissioners, and there is no reason for any suspicion that in the present case, or in any other case of this nature, the amount of the fees would have any relation to the findings and conclusions set forth in the report. In any event, it does not appear that the defendants filed a cross-appeal from the order of the circuit court. In consequence, the questions sought to be raised in their brief are not properly before us.

Under the authorities hereinbefore cited, and for the reasons discussed, the case is remanded to the

circuit court with directions to set aside the order entered and to affirm the order of the probate court.

DETHMERS, C. J., and KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.