STATE BOARD OF EDUCATION *v.* VON ZELLEN.

1. EMINENT DOMAIN—FUNCTION OF JURY OR COMMISSIONERS.

The jury or commissioners in condemnation proceedings were, under the Constitution of 1908, inquisitorial in nature and were judges of the law and the facts (Const 1908, art 13, § 2; CL 1948, §§ 213.1–213.4).

2. SAME—JUDGES—ADVICE TO JURY OR COMMISSIONERS.

Circuit judges who preside in condemnation proceedings have the duty to advise the jury or commissioners as to questions of law and as to admissibility of evidence (CL 1948, §§ 213.1–213.4; GCR 1963, 516.5).

3. SAME—CONSTRUCTION OF STATUTES—JURISDICTION.

Strict compliance with the particular provisions of statute authorizing condemnation proceedings is required, and its jurisdictional conditions must be established in fact and may not rest upon technical waiver or estoppel (CL 1948, §§ 213.1–213.4).

4. SAME—SERVICE OF PROCESS—RESIDENT OWNER.

Provision of statute authorizing circuit judge to specify alternative methods of service in condemnation proceedings was not available as to service upon a resident of the county in which the land was located, hence, where a resident owner

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 18 Am Jur, Eminent Domain § 362.
[3] 18 Am Jur, Eminent Domain § 312.
[4] 18 Am Jur, Eminent Domain §§ 312, 322.
[5] 18 Am Jur, Eminent Domain § 363.
   53 Am Jur, Trial § 19.
[6] 53 Am Jur, Trial § 19.
[7] 7 Am Jur 2d, Attorneys § 6.
[8] 18 Am Jur, Eminent Domain §§ 312, 322, 323.
   53 Am Jur, Trial § 19.

was not served in accordance with the statute under which the proceeding had been instituted, such service was invalid as a denial of due process, there being no showing that service on such party could not reasonably be made in the manner provided by statute (CL 1948, §§ 213.1–213.4; GCR 1963, 105.8).

5. SAME—JUDGES—PRESENCE AT HEARING—INSTRUCTIONS.
   The circuit judge who presides in a proceeding to condemn property for a State educational institution is required by statute to be present at the hearing and by court rule he is required to instruct the jury or commissioners on questions of law and admissibility of evidence (CL 1948, § 213.3; GCR 1963, 516.5).

6. COURTS—JUDGES.
   There can be no court of record without a judge being present.

7. EMINENT DOMAIN—EMPLOYMENT OF ATTORNEY.
   Laymen whose property is sought to be taken in condemnation proceedings are urged to give serious consideration to the advantage of employing legal counsel.

8. SAME—SERVICE OF PROCESS—PRESENCE OF CIRCUIT JUDGE.
   Order of confirmation of award by commissioners in condemnation proceeding for a State educational institution is set aside, where service of process upon a resident owner was made only 2 days before date noticed for hearing and where the circuit judge assigned to the case was not present at the hearing, the statute requiring a minimum of 3 days' notice and presence of judge at the hearing (CL 1948, § 213.3, GCR 1963, 516.5).

Appeal in the nature of certiorari from Marquette; Baldwin (George S.), J. presiding. Submitted Division 3 February 23, 1965, at Marquette. (Docket No. 224.) Decided May 17, 1965.

Condemnation petition on behalf of the State Board of Education against John O. von Zellen, Sigrid A. von Zellen, Ernest A. von Zellen, individually and as administrator of the estate of May von Zellen, deceased, Winifred A. Tonagel, and Bruce W. von Zellen and Estelle von Zellen, husband and wife.

Award of condemnation confirmed. Defendants appeal. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Donald K. Goulais*, Assistant Attorney General, for plaintiff.

*John O. von Zellen* and *Ernest A. von Zellen, in propria persona*, and on behalf of other defendants.

Holbrook, P. J. This case involves condemnation proceedings originating in Marquette county.

On January 23, 1963, plaintiffs and appellees, people of the State of Michigan by the attorney general on behalf of the State board of education, filed a petition in eminent domain pursuant to PA 1911, No 236 (CL 1948, §§ 213.1–213.4 [Stat Ann 1958 Rev §§ 8.1–8.4]), to acquire six parcels of land for the construction of a building or buildings on the Northern Michigan University campus. The six parcels were properly described in the petition and John O. von Zellen was listed as having an interest in parcels one, two, and three; Ernest A. von Zellen, administrator of the estate of May von Zellen, deceased, John O. von Zellen, Miss Sigrid A. von Zellen, Ernest A. von Zellen, Winifred Tonegal, and Dr. Bruce W. von Zellen, were listed as having an interest in parcels designated four, five, and six.

An order for appearance was signed the same day by the Honorable Ernest W. Brown, visiting circuit judge, directing the parties having interest in said parcels of land to appear on February 4, 1963. It provided that nonresidents be served by registered mail at least 10 days before the date of hearing. The nonresident defendants, Mrs. Winifred A. Tonegal of Union Mills, Indiana; and Dr. Bruce W. von Zellen and Mrs. Estelle von Zellen, his wife, of DeKalb, Illinois, were served by registered mail on January

25, 1963. John O. von Zellen and Miss Sigrid A. von Zellen, of Marquette, Michigan, were personally served on the 26th day of January, 1963. Ernest A. von Zellen, administrator of the estate of May von Zellen, deceased, and Ernest A. von Zellen, individually, were not served prior to the hearing date February 4, 1963. At that time a hearing was had before the Honorable George S. Baldwin, visiting circuit judge, sitting by reason of the death of the Honorable Carroll C. Rushton, which had occurred on January 28, 1963. His successor, the Honorable Bernard H. Davidson, disqualified himself for the reason that he was a member of the board of trustees for Northern Michigan University. At the request of the attorney general, the hearing date was adjourned by the court from February 4th to February 8th. The said order provided in part:

"It is ordered and decreed that a copy of this order together with a copy of the petition in eminent domain be served upon the said Ernest A. von Zellen at least three days before the date of hearing at his last known address, to-wit: 132 High Street, Crystal Falls, Michigan, by regular mail, and at 329 East Ridge Street, Marquette, Michigan, by registered mail, directing that the said Ernest A. von Zellen appear at the time and place hereinafter stated and show cause if any he has, why the prayer of the petition should not be granted.

"It is further ordered and decreed that due proof of service as herein provided be filed on or before the date of hearing herein stated, and

"It is further ordered and decreed that the hearing on said petition be heard on the 8th day of February, A. D., 1963, at 10 o'clock in the forenoon in the circuit court room in the Marquette county court house, Marquette, Michigan."

According to the purported proofs of service by registered mail and ordinary mail, there appears in

the file proof that both were accomplished by mailing from Escanaba, Michigan, on February 5, 1963. Said proof sets forth that a copy of the petition in eminent domain and a copy of the order of February 4, 1963, of the court, was enclosed, and that the same were actually attached to the proofs. A search of the record however, shows only a copy of the petition in eminent domain attached. The registered mail letter was addressed to Ernest A. von Zellen at Marquette, Michigan. The ordinary mail letter was addressed to him at Crystal Falls, Michigan. The return receipt on the registered letter shows that it was received on February 6, 1963, and postmarked at Marquette, Michigan, for return to the sender February 6, 1963, at 4 p.m. There is no proof that Ernest A. von Zellen received the regular mail letter at any time.

A hearing was held on February 8, 1963, and the court appointed three commissioners: Homer Hilton, Jr., of Marquette, Michigan; Henry G. Sarasin, of Negaunee, Michigan; and Everett Senobe, of Marquette, Michigan. In said order the matter was set for hearing February 25, 1963.

At the hearings on both February 4th and February 8th, Miss Sigrid von Zellen strenuously objected to the proceedings stating that there had been a death and much illness in the family and that the defendants could not prepare their case in which they represented themselves on such short notice. The three commissioners met on February 25, 1963. The presiding judge, having on that day an opening term of court, in his own circuit at Sault Ste. Marie, was unable to be present personally. He so advised Mr. Goulais, the assistant attorney general, but said that he would be available by telephone if necessary. Several legal questions came up during the course of the hearing but were not deemed of sufficient importance by the chairman of the commission to warrant

a call to the judge. The commissioners reported on the same day of the hearing finding necessity for the taking and awarding damages for each of the six parcels individually. On March 5, 1963, the circuit judge confirmed the verdict of the commissioners as to necessity for the taking and awarded damages for each of the respective six parcels of land. From these proceedings, defendants appeal.

The law of eminent domain in the State of Michigan at the time of the filing of the original petition January 23, 1963, is found in the Constitution, statutes, and court rules of our State.

The fundamental law is found in Const 1908, art 13:

"Sec. 1. Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law.

"Sec. 2. When private property is taken for the use or benefit of the public, the necessity for using such property and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of 12 freeholders residing in the vicinity of such property, or by not less than 3 commissioners appointed by a court of record, as shall be prescribed by law: *Provided,* That the foregoing provision shall not be construed to apply to the action of commissioners of highways or road commissioners in the official discharge of their duties."

The petitioners brought this action in eminent domain pursuant to PA 1911, No 236 (CL 1948, §§ 213.1–213.4 [Stat Ann 1958 Rev §§ 8.1–8.4]). The pertinent portions of these sections of the statute as applicable to this proceeding are, in part:

"Sec. 1. It shall be lawful for  *  *  *  the board of control or other governing body of any State edu-

cational * * * institution * * * to institute or cause to be instituted proceedings in the name and behalf of the State of Michigan against the land sought to be acquired, and against the owners and persons interested therein, in the circuit court of the county where the land is situated, for the purpose of acquiring by the State title to such land by *judicial* condemnation. * * *

"Sec. 2. * * * Upon filing the petition, summons shall issue in accordance with the prayer thereof, against the persons named therein, returnable on a day to be named, which shall not be less than 5 days from the issuing and test thereof, and shall be served at least 3 days before the return day, by the sheriff or other officer authorized to serve process of summons according to the rules and practice of the circuit court in other cases at law. * * * If there are nonresident or absent persons upon whom service cannot be obtained within the county, the court may order service upon any such person wherever he may be found, and in such manner as may be directed. The person serving any such process on such nonresident or absent person shall make proof of service by affidavit, stating the place, time, and manner of service. * * *

"Sec. 3. When all the parties named in the petition have been summoned or notified, in the manner provided, and the time for their appearance shall have expired, the court shall hear any and all persons who shall have appeared and interposed objections to the petition or proceedings, and proceed to decide the questions raised, and may vacate the petition, or any part of the proceedings for cause, and may allow amendments of the petition, in form or substance, as the right of the matter shall demand. If any person having an interest in the land has been overlooked, or not summoned or notified, the court may continue the proceedings and cause such person to be served or notified. If the petition and proceedings are sustained, the court shall appoint 3 commissioners, residents and freeholders

within the county, not interested or of kin to any of the persons interested in the land to ascertain and determine the necessity of the proposed public use, the necessity for using such property and the just compensation to be paid therefor by the State, which ought to be paid by the State to each of the owners and persons interested in the premises, as for his, her or their just compensation for the land sought to be taken. * * * They shall visit the land sought to be acquired, shall ascertain the separate interest of each person owning or interested in any part of the premises, and the description of his or her separate interest in the parcel; *shall hear, in the presence and under direction of the court, evidence touching the matters they are to find,* brought forward by any person having an interest, and shall find all necessary facts to possess the court with the truth and right of the matter, but shall not be required to find what evidence was offered or given, and shall report to the court, in writing, their findings. * * *

"Sec. 4. The court shall hear objections, if any, to the report of the commissioners or jury, *as the case may be, and may set aside the report and finding, or confirm the same,* and if confirmed, shall enter a judgment of confirmation, and that all right, title, and interest of, in, and to the land and premises, vest in the State of Michigan: * * * In the proceedings authorized by this act the *court shall, as to the practice and mode of proceedings, be governed by the rules applicable in cases at law,* except as is in this act otherwise expressly provided." (Emphasis supplied.)

According to the Constitution of 1908, art 13, § 2, the action of condemnation was inquisitorial in nature, and therefore, the jury or commissioners, were judges of the law and the facts. *Toledo, A. A. & G. T. R. Co.* v. *Dunlap* (1882), 47 Mich 456; *In re Owen and Memorial Parks in the City of Detroit* (1928), 244 Mich 377; *Board of Education of the City of Detroit* v. *Lacroix* (1927), 239 Mich 46; *In re Ac-*

*quisition of Land for Civic Center* (1953), 335 Mich 582; *In re Widening of South Dix Avenue* (1933), 262 Mich 233; *In re Petition of Detroit Edison Company* (1961), 365 Mich 35.

Additionally, our Supreme Court in December of 1961 promulgated Rule 37, which was continued in GCR 1963, 516.5 providing:

"Judges of courts of record in which condemnation proceedings have been instituted shall advise the jury or commissioners on questions of law and admissibility of evidence."

This court determines that under such rule, it is the duty of the circuit judge presiding in a condemnation matter to advise the jury or commissioners as to questions of law and as to admissibility of evidence.

It appears to this Court that the nature of the proceedings permitting a jury or commissioners of laymen to be determiners of the law as well as the facts permits the action to be conducted without full regard to the individual rights of the persons whose property is sought to be taken.

The law of eminent domain permitting the taking of private property for public use is a harsh remedy and, therefore, the courts have required strict compliance with the particular provisions of the law upon which the action was based.

In *In re Petition of Rogers* (1928), 243 Mich 517, on p 522, it is stated:

"The statute of eminent domain is to be strictly construed, and its jurisdictional conditions must be established in fact and may not rest upon technical waiver or estoppel."

In *In re State Highway Commissioner* (1930), 252 Mich 116, on pp 123, 124, it is stated:

"No authorities in point or analogous were cited. The question must be determined upon an original

construction of the statute, resting upon principles concisely stated in *Re Powers' Appeal,* 29 Mich 504, 506:

" 'The course to be taken is quite minutely set forth, and, inasmuch as the proceedings are special and adverse, whereby private property is taken against the will of the owner, the settled principles of law require strict compliance with every provision which is not so purely formal as in no way to bear upon the protection or rights of the parties to be affected.'

"And in *Detroit Sharpshooters' Association* v. *Highway Commissioner,* 34 Mich 36 [,37]:

" 'The rule is well settled, that in all cases where the property of individuals is sought to be condemned for the public use by adverse proceedings, the laws which regulate such proceedings must be strictly followed, and especially that every jurisdictional step, and every requirement shaped to guard the rights and interests of parties whose property is meant to be taken, must be observed with much exactness.' * * *

"*The construction must be in favor of the landowner.*" (Emphasis supplied.)

It appears that the proceedings in order to be held valid must show a strict compliance with the provisions of the statute. The record discloses that Ernest A. von Zellen received only a two-day notice, he being a resident of the county of Marquette, the location of the property condemned. This is evidenced by the proof of service filed in the matter as appears from the return-receipt card signed by him and dated February 6, 1963.

The provisions of the condemnation statute itself (PA 1911, No 236 [CL 1948, § 213.2, Stat Ann 1958 Rev § 8.2]) specifies that summons shall be returnable:

"On a day to be named, which shall not be less than 5 days from the issuing and test thereof, and

shall be served at least 3 days before the return day. * * * If there are nonresident or absent persons upon whom service cannot be obtained within the county, the court may order service upon any such person wherever he may be found, and in such manner as may be directed."

The defendant, Ernest A. von Zellen, was a resident who was present within the county, the provision granting discretionary authority to the court to specify alternative measures of service, consequently, is not applicable.

Gratuitously we note that the requirements of due process demand that such alternative methods of service must be calculated to reasonably afford actual notice. Further, it should afford a comparable length for preparation and answer as is provided by the statute to residents who are present within the county. In other words, the alternative mode of service upon nonresidents or absent persons should be calculated to reasonably assure actual notice of at least three days.

The Court's attention is drawn to GCR 1963, 105.8, which provides:

"The court in which an action has been commenced may, in its discretion, allow service of process to be made upon a defendant in any other manner which is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard, if an order permitting such service is entered before service of process is made upon showing to the court that service of process cannot be made in the manner provided for under other rules."

It appears from the language of the court rule that the discretion of the court is activated by a "showing to the court that service of process cannot reasonably be made in the manner provided for under other rules." The record in this cause fails to disclose that any such showing has been made.

Assuming *arguendo* that the requisite showing of a reasonable disability to effectuate service in the ordinary manner had been made, and that an order permitting service in a particular manner had been entered, the lack of an adequate length of actual notice, nevertheless, would constitute a denial of due process. The fact remains, the defendant, Ernest A. von Zellen, received only a two-day notice.

Because of our impending conclusion that this cause must be remanded for further proceedings, we shall for the guidance of the trial court, indicate some additional considerations. PA 1911, No 236 (CL 1948, § 213.3 [Stat Ann 1958 Rev § 8.3]) provides in part:

*"They shall visit the land sought to be acquired, shall ascertain the separate interest of each person owning or interested in any part of the premises, and the description of his or her separate interest in the parcel; shall hear, in the presence and under the direction of the court, evidence touching the matters they are to find, brought forward by any person having an interest, and shall find all necessary facts to possess the court with the truth and right of the matter."* (Emphasis supplied.)

The presiding judge, being a visiting judge, and having an opening term of court in his own circuit, was not able to be present personally, thus the matter should have been adjourned. The commissioners proceeded to hear the matter in the absence of the court and made a report the same day. There were questions of law that were raised according to the record, but were termed by the chairman of the commission as not of sufficient importance to call the judge. The provisions of the statute are clear and unambiguous, requiring the court to be present. We interpret "court" to mean the judge, for there can be no court of record without a judge being present.

The Constitution of 1963 appears to have eliminated the matter of treating condemnation and eminent domain as an inquisitorial matter. This is evidenced by Const 1963, art 10, § 2, which reads:

*"Private property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law.. Compensation shall be determined in proceedings in a court of record."* (Emphasis supplied.)

GCR 1963, 516.5, which was amended by the Supreme Court on November 3, 1964, provides:

"Condemnation Proceedings. Judges of courts of record in which condemnation proceedings have been instituted shall preside over the proceedings in person and shall instruct the jury or commissioners on questions of law and admissibility of evidence."

The circuit judge suggested to the defendants to have counsel represent them in the proceedings. We would likewise suggest that the defendants, who are laymen and laywomen not skilled in the law, consider seriously the advantage of employing legal counsel.

The order of confirmation is set aside, and the case remanded to the circuit for further proceedings not inconsistent with this opinion. Costs to appellants.

FITZGERALD and J. H. GILLIS, JJ., concurred.