### *In re* URBAN RENEWAL

EMINENT DOMAIN—STATUTES—STRICT COMPLIANCE—CONDEMNING AU-
THORITY—RECORD.

> The law of eminent domain permitting the taking of private
> property for public use is a harsh remedy requiring strict
> compliance with the particular provisions of the law upon
> which the action is based and where the condemning authority
> is required to declare a public improvement and the necessity
> for taking private property prior to the commencement of
> condemnation proceedings, the record must contain proof that
> it has done so before the condemnation will be upheld.

Appeal from Oakland, William R. Beasley, J.
Submitted Division 2 April 17, 1975, at Detroit.
(Docket No. 19282.) Decided April 24, 1975.

Condemnation petition by the Michigan R.2
West Eight Mile Development Project against Ole-
via Coleman. Judgment of condemnation for plain-
tiff. Defendant appeals. Reversed.

*Bell & Brown, P. C.,* for plaintiff.

*Maurice A. Merritt,* for defendant.

Before: J. H. GILLIS, P. J. and QUINN and R. M.
MAHER, JJ.

QUINN, J. Defendant appeals from the trial
court order confirming the verdict of a condemna-
tion jury. No issue is raised as to the adequacy of
the award. Defendant's position here, as it was at

REFERENCE FOR POINTS IN HEADNOTE
27 Am Jur 2d, Eminent Domain § 375.

trial, is that the proofs fail to establish compliance with a statutory requirement prior to commencing condemnation proceedings, namely, a declaration of a public improvement and necessity by the condemning authority.

The pertinent part of the statute involved, MCLA 213.24; MSA 8.14 reads:

"Proceedings may be commenced and prosecuted under this act whenever a public corporation or state agency shall have declared a public improvement or the purposes of its incorporation or public purposes within the scope of its powers makes it necessary, and shall declare that it deems it necessary to take private property for such public improvement or for the purposes of its incorporation or for the public purposes within the scope of its powers, designating the same, and that the improvement is for the use or benefit of the public."

As we read this language, a condemning authority is required to declare a public improvement and the necessity for taking private property therefor prior to the commencement of condemnation proceedings. In *State Board of Education v von Zellen,* 1 Mich App 147, 155; 134 NW2d 828, 832 (1965), this Court said:

"The law of eminent domain permitting the taking of private property for public use is a harsh remedy and, therefore, the courts have required strict compliance with the particular provisions of the law upon which the action was based."

To establish compliance with the statute here involved, the record must contain proof of the declaration of a public improvement and the necessity for taking private property therefor. We have searched this record and find no such proof.

This conclusion obviates discussion of the other issues raised.

Reversed but without costs, a public question being involved.