## MICHIGAN CONSOLIDATED GAS CO. *v.* MUZECK.

### BEIER *v.* ST. CLAIR PROBATE JUDGE.

1. MINES AND MINERALS—ROYALTY RIGHTS.
   Mineral royalty rights are sometimes characterized as personalty and sometimes as realty.

2. GAS—NATURAL GAS STORAGE FIELD—PROPERTY RIGHTS—STATUTORY REQUIREMENTS.
   Property rights and interests required under statute regulating acquisition of natural gas storage field are: (1) rights to the minerals, (2) right to formations, and (3) surface rights (CL 1948, § 486.251 *et seq.*, as last amended by PA 1961, No 69).

3. SAME—NATURAL GAS STORAGE FIELD—STATUTES.
   Plaintiff public utility, *held*, to have satisfied statutory requirement permitting condemnation for natural gas storage field that

-----

REFERENCES FOR POINTS IN HEADNOTES

[1]  36 Am Jur, Mines and Minerals § 23 *et seq.*
[2–4]  24 Am Jur, Gas and Oil §§ 4, 5, 154.
[5, 6]  26 Am Jur 2d, Eminent Domain § 69.

it should have first acquired at least 75% of property rights, where plaintiff had acquired 88.928% of mineral rights in field computed in respect to surface area, even if the royalty interest (generally 1/8th) is deducted from plaintiff's right to the minerals, since plaintiff would nevertheless have acquired the right to more than 75% of the minerals (CL 1948, § 486-.251 et seq., as last amended by PA 1961, No 69).

4. SAME—CONSTRUCTION OF STATUTES.

Requirement of statute regulating acquisition of natural gas storage field that public utility shall first have acquired 75% of the property rights and interests in the underground field must be construed to mean 75% of all rights and not 75% of each type of interest which may be created in the real estate formation, to effectuate the legislative intent (CL 1948, § 486.251 et seq., as last amended by PA 1961, No 69).

5. SAME—MINERAL INTERESTS—STATUTES—CONDEMNATION.

Plaintiff public gas utility's acquisition of well over 75% of the minerals in a gas storage field in addition to the requisite container and surface rights therein held, to have satisfied the jurisdictional requirement of statute authorizing condemnation proceedings (CL 1948, § 486.251 et seq., as last amended by PA 1961, No 69).

6. SAME—CONDEMNATION—NATURAL GAS STORAGE FIELD—STATUTORY COMPLIANCE.

Plaintiff public gas utility need not, prior to instituting condemnation proceedings under statute, acquire 75% of any so-called fee mineral estate or royalty interest unless such property rights were needed to make up 75% of the oil, gas, and minerals within the natural gas storage field, where plaintiff had already acquired at least 75% of the minerals within the storage area (CL 1948, § 486.251 et seq., as last amended by PA 1961, No 69).

Appeal from Court of Appeals, Division 2; McGregor, P. J., Burns and Quinn, JJ., affirming St. Clair, Kane (Edward T.), J. Submitted October 5, 1967. (Calendar No. 8, Docket Nos. 51,634, 51,635.) Decided December 4, 1967.

4 Mich App 502, affirmed.

Michigan Consolidated Gas Company, a Michigan corporation, filed a petition in probate court to condemn property interests of numerous defendants, including Raymond E. Beier and Alvira Beier. Order entered finding jurisdiction. Defendants Beier appealed to circuit court, and began an action as plaintiffs in that court for superintending control of the probate judge. Orders entered dismissing appeal and complaint. Affirmed by Court of Appeals. Defendants Beier appeal. Affirmed.

*Dutchess, Mika, Miles, Meyers & Beckett,* and *Delmer L. Cleland (J. Andrew Domangalski,* of counsel), for plaintiff Michigan Consolidated Gas Company.

*Bush, Luce, Henderson & Black,* and *Hogan & Kostoff,* for defendants Beier.

ADAMS, J. Plaintiff Michigan Consolidated Gas Company was desirous of acquiring the Belle River Mills gas field, located in St. Clair county, for an underground natural gas storage field. The field has a storage surface area of 1,835.86 acres. Prior to filing of its petition in condemnation, plaintiff acquired storage rights, surface rights, and lessee's interests in oil and gas leases in at least 1,376.895 surface acres.

Plaintiff proceeded under PA 1923, No 238, as last amended by PA 1961, No 69 (CL 1948 and CLS 1961, § 486.251 *et seq.* [Stat Ann and Stat Ann 1965 Cum Supp § 22.1671 *et seq.*]), in the probate court for St. Clair county. Plaintiff's statutorily granted powers, here pertinent, are contained in section 2 of that act:

*"To condemn all lands, easements, rights-of-way, gas royalties, dry natural gas leaseholds and other*

*property and any and all interest therein,* \* \* \*
which may be necessary for pipeline rights-of-way
or for an underground natural gas storage field or
fields \* \* \* [here follow various provisos, defini-
tions, provisions for proceeding in probate court,
and provisions pertaining to condemnation for a
water power project]. In any case where the peti-
tioner seeks to exercise the rights conferred by the
provisions of paragraph sixth of section 2 hereof, for
the purpose of acquiring any property or interest
therein for use as a natural gas storage field, the
petitioner shall first have acquired and its petition
shall contain the additional allegation that the peti-
tioner has acquired, prior to the filing of such peti-
tion, by any means other than by condemnation, *at
least 75%, computed in respect to surface area, of
the property rights and interests in the underground
field required for storage purposes,* and its petition
shall also contain an accurate description of the sur-
face area underlaid by the formation or formations
to be used for natural gas storage." (Emphasis sup-
plied.)

On January 19, 1965, the St. Clair county probate
court entered its order holding that the 75% juris-
dictional requirement of the statute had been met.
Defendants Beier appealed to the St. Clair circuit
court, and at the same time began an action as plain-
tiffs in the circuit court for superintending control
of the probate judge. From orders of the circuit
court dismissing the appeal from probate court and
dismissing the complaint for superintending control,
defendants appealed to the Court of Appeals. That
Court also upheld the decision of the probate court.
For the opinion of the Court of Appeals, see 4 Mich
App 502. The case is before this Court upon grant
of application for leave to appeal.

Defendants claim that plaintiff, in addition to the
property rights it did acquire, was required to ac-

quire "the fee mineral estates and royalty interests reserved to the landowner-lessors" in at least 1,-376.895 surface acres, equivalent to 75% of these so-denominated interests, to satisfy the jurisdictional requirement of the statute. Defendants' theory is that "the statute applies separately to each property right and interest required for gas storage purposes, that each such property right and interest is itself an entirety to which the 75% [requirement] applies." They argue that the controlling language —"the property rights and interests in the underground field required for storage purposes"—of necessity must mean, among other property rights, gas royalties, because authority is given to condemn gas royalties in the opening portion of the above-quoted section of the statute.

Both plaintiff and defendants devoted much of their briefs to a discussion of the question as to whether royalty rights are interests in real property or are personalty, and as to just what the nature and legal attributes of such rights may be. The record before us contains neither testimony nor any exhibit from which it may be determined what are the terms and conditions of a specific royalty interest involved in this litigation.

Royalty rights are sometimes treated as having the legal attributes of personal property and sometimes of real property. *People* v. *Blankenship* (1943), 305 Mich 79; *Mark* v. *Bradford* (1946), 315 Mich 50; PA 1893, No 206, § 8, as amended by PA 1964, No 275 (CL 1948, § 211.8, as amended [Stat Ann 1965 Cum Supp § 7.8]). We do not pass upon the nature of such rights in these proceedings since we do not regard an answer to that question as necessary to decision.

The property rights and interests plaintiff required to operate an underground field for storage purposes were: (1) access to the surface, (2) the

container—that is to say, that portion of the underground area within which the gas will be stored, and (3) the contents of the container (whatever native gas and oil may remain in the container).

The proposition was stated by Judge of Probate Vera I. Black as follows:

"The property rights and interests required under PA 1923, No 238 for underground storage were: (i) the right to the minerals; (ii) the right to the formations; and (iii) surface rights."

Prior to the filing of its petition to condemn, Michigan Consolidated had acquired the right to 88.928% of the minerals in the Belle River Mills storage field, computed in respect to surface area. We agree with the conclusion of the probate judge that "even if the royalty interest (generally 1/8th) is deducted from Michigan Consolidated's right to 88.928% of the minerals, Michigan Consolidated would nevertheless have acquired the right to more than 75% of the minerals."

The legislature enumerated, both specifically and generally, the property rights a corporation, proceeding under the statute, may condemn. Condemnation may be used to acquire property for gas storage, for acquisition of lands in connection with hydroelectric or water power projects, and for gas pipeline rights-of-way. The legislature, however, used general terms rather than specific—"the property rights and interests * * * required for storage purposes"—when it set forth the 75% jurisdictional requirement. This made the requirement a total one covering whatever the property rights or interests might be that were needed in a given situation. As Judge McGregor of the Court of Appeals pointed out in the opinion of that Court:

"The statutory construction urged by appellants would completely frustrate the legislative intent and

purpose.    Innumerable types of interests can be created in real estate formations, limited only by the imagination of man.    If the statute were construed to require appellee to have 75% of each and every such interest, it is apparent that a single recalcitrant landowner could create a 'one-of-a-type' interest which he could refuse to sell and thus permanently obstruct any storage field development."

Defendants agree that plaintiff had acquired the requisite 75% of the container and of the surface rights.    Consequently, plaintiff's acquisition of well over 75% of the minerals satisfied the jurisdictional requirements of the statute.    Plaintiff need not, prior to instituting condemnation proceedings, acquire 75% of any so-called fee mineral estate or royalty interest unless such property rights were needed to make up 75% of the oil, gas, and minerals within the storage area.

The decisions and findings of the lower courts are affirmed, with costs to appellee.

DETHMERS, C. J., and KELLY, T. M. KAVANAGH, SOURIS, O'HARA, and BRENNAN, JJ., concurred.

BLACK, J., did not sit.