CITY OF MUSKEGON *v.* IRWIN

1. EMINENT DOMAIN—NECESSITY.

> The question of necessity in an eminent domain case is more than *pro forma;* the single declaration of necessity by the condemning authority does establish necessity.

2. EMINENT DOMAIN — EVIDENCE — RULES OF EVIDENCE — ENFORCEMENT.

> Strict rules as to the admissibility of testimony are not and should not be enforced in condemnation cases.

3. EMINENT DOMAIN—PROPERTY OWNER'S RIGHTS—POLICY.

> A party whose land is being taken by eminent domain is entitled to the utmost protection of the courts since the exercise of the power of eminent domain is a drastic one.

4. EMINENT DOMAIN—FRAUD—EVIDENCE—LIMITING EVIDENCE.

> Refusing to allow the landowners in an eminent domain case to introduce evidence of events which occurred after the date on which the city commission had authorized condemnation of their land for urban renewal was not reversible error where the landowners were attempting to prove that the commission had abused its discretion or committed fraud and where even if the excluded evidence had been admitted the landowners did not have enough evidence to establish their contention.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 26 Am Jur 2d, Eminent Domain §§ 111–117.
  27 Am Jur 2d, Eminent Domain § 404.
[2] 27 Am Jur 2d, Eminent Domain § 423.
[3] 26 Am Jur 2d, Eminent Domain § 173.
  27 Am Jur 2d, Eminent Domain §§ 247, 248, 405.
[4] 27 Am Jur 2d, Eminent Domain § 419 *et seq.*
[6] 27 Am Jur 2d, Eminent Domain §§ 419, 505.

5. EMINENT DOMAIN—NECESSITY—EVIDENCE—ADMISSIBILITY—POL-
ICY.

Trial courts should liberally allow property owners in cases in
which their land is being condemned for an urban renewal
project to present evidence relevant to the issue of necessity
in determining fraud or abuse of discretion up to the time
the condemnation is authorized; however, in order to prevent
jeopardizing the success of urban renewal projects, the evi-
dence should be restricted so as to exclude negotiations with
developers and others who insist on secrecy until contracts
have been completed.

6. EMINENT DOMAIN—FRAUD—BURDEN OF PROOF.

Property owners in an urban renewal condemnation case have,
by statute, the burden of proving fraud or abuse of discretion
on the part of the condemning authority.

Appeal from Muskegon, Albert J. Engel, John J.
Piercey, and Charles A. Larnard, Jr., JJ. Sub-
mitted Division 3 November 13, 1970, at Grand
Rapids. (Docket Nos. 9190–9199.) Decided Febru-
ary 26, 1971. Leave to appeal denied July 14, 1971,
385 Mich 766.

Petition by the City of Muskegon against Alex
W. Irwin, Nellie M. Irwin, Charles Pevic, Bernice
M. Pevic, Margaret L. McMahon, Harvey H.
Kroeze, Sophie Kroeze, George S. Danigelis, Chris-
tine Dault, and Aphrodite Drelles for condemnation
of land. Judgment for plaintiff. Defendants ap-
peal. Affirmed.

*O'Toole & Johnson* (by *James J. Kobza*), for
plaintiff.

*Warner, Norcross & Judd* (by *John H. Logie*),
for defendants.

Before: T. M. BURNS, P. J., and R. B. BURNS
and MUNRO,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

MUNRO, J.    After several years of study and
planning the City Commission of the City of Mus-
kegon, pursuant to the provisions of PA 1945, No
344, as amended (MCLA § 125.71 *et seq.* [Stat Ann
1969 Rev § 5.3501 *et seq.*]), adopted an urban re-
newal plan designating an urban renewal area, the
ordinance being passed on October 8, 1968.    On
September 23, 1969, the city commission declared
defendants' land was necessary to implement the
urban renewal plan and authorized condemnation
which was commenced December 15, 1969.    De-
fendants are ten of the parties whose lands were
to be condemned under the resolution of the city
commission passed on September 23, 1969; defend-
ants filed a timely motion requesting a review of
the necessity of the proposed taking in accordance
with the provisions of PA 1966, No 295, MCLA
§ 213.368 (Stat Ann 1958 Rev § 8.261[8]).    By
stipulation of the parties the ten cases were con-
solidated for trial before an *en banc* panel of three
Muskegon County Circuit judges.    A three-day trial
was held, commencing February 10, 1970, and the
trial court held there was no showing of fraud or
abuse of discretion by the city and defendants'
motion for review of the necessity of the taking was
dismissed.

Defendants appeal from the denial of such mo-
tion and on appeal raise two issues.    The first of
those issues is:

Did the adoption by the city commission of its
ordinance designated "Urban Renewal Plan" on
October 8, 1968, fix the date for determination of
necessity limiting proofs as to fraud or abuse of
discretion to that date?

During the trial the court held, "the decision to
be reviewed was reached on October 8, 1968, and

the question is whether or not, on or before that date, the city was guilty of fraud or abuse of discretion in reaching it". Based on this holding the trial court, over defendants' objection, limited the testimony and proofs to events leading up to and including that date and excluded testimony of subsequent events except where such might have a bearing on the credibility of the witness or for impeachment purposes. The defendants contend that they should be allowed to introduce proofs indicating fraud or abuse of discretion up to and including the date that the plaintiff city commission passed the resolution authorizing condemnation, to wit: September 23, 1969.

The question here involves the interpretation of two of the provisions in PA 1966, No 295, as amended by PA 1967, No 206. MCLA § 213.366 (Stat Ann 1958 Rev § 8.261[6]) provides in part:

"When the petitioner is unable to agree with any person interested in any private property for the purchase thereof, the petitioner, after making a good faith written offer to purchase the property, may file a petition for acquisition of the property or property rights, in the circuit court for the county in which the property is located."

MCLA § 213.368 (Stat Ann 1958 Rev § 8.261[8]) provides in part:

"Within 10 days after the notice required by Section 6 has been given, a person claiming fraud or abuse of discretion, or both, in the necessity of the taking of all or any part of the property for the purposes stated in the petition, and having a justiciable interest in the property involved, may file a motion in the same court and cause, asking that such necessity be reviewed."

This statute expresses the Legislature's intent as to when a person claiming fraud or abuse of dis-

cretion, or both, may challenge the necessity of taking.

There is no contention by the defendants that any of the provisions of the Blighted Area Rehabilitation Act, MCLA § 125.71 *et seq.* (Stat Ann 1969 Rev § 5.3501 *et seq.*), were not complied with and this Court, therefore, assumes that all of the provisions of that act have been complied with by the city commission.

The question of necessity under the provisions of this statute and other statutes granting municipalities the powers of eminent domain is more than just a *pro forma* determination by the municipality and has been so designated by the Supreme Court in *Western Michigan University Board of Trustees* v. *Slavin* (1968), 381 Mich 23, 26, where the Court held:

"that under the sweeping provisions of the statute which accords to 'any public corporation or state agency' the power of eminent domain the question of necessity is and should be much more than *pro forma.* The simple declaration of necessity by the empowered agency does not establish that necessity.

"It remains established law under the Constitution of 1963 as it did under its predecessor Constitution of 1908:

" 'The words "necessity for using such property" in our Constitution does not mean an indefinite, remote, or speculative future necessity, but means a necessity now existing or to exist in the near future' ",

citing *Grand Rapids Board of Education* v. *Baczewski* (1954), 340 Mich 265, 269.

In determining whether the city commission was guilty of fraud or abuse of discretion or both in

deciding that a slum or blighted area exists and the necessity for its elimination, it seems to this Court that the trial court's ruling that the proofs should be limited to the information presented to the commission and acts of the city commission relating to those proofs is, under the circumstances here presented, a proper restriction on proofs. This is not to say that the admission of proofs relating to acts or failures to act subsequent to the date of determination of necessity would be reversible since it is a well-recognized legal principle in condemnation or eminent domain cases that strict rules as to the admissibility of testimony are not and should not be strictly enforced. *City of Detroit* v. *Fidelity Realty Co.* (1921), 213 Mich 448, 454. The party whose property is being taken by eminent domain is entitled to the utmost protection of the courts since the exercise of such power is drastic and should be construed in favor of the displaced landholder. *State Board of Education* v. *von Zellen* (1965), 1 Mich App 147; *In re Petition of Rogers* (1928), 243 Mich 517.

At the close of proofs in this matter the defendants, on the record, made an offer of proof with regard to the several matters which the trial court had excluded as relating to matters subsequent to the October 8, 1968, date. Our review of the record, including the defendants' offer of proof as to post-October 8, 1968, evidence, fails to indicate sufficient proof that fraud or abuse of discretion, or both, were practiced by the city commission in this matter. Errors in judgment and administrative errors do not ordinarily constitute fraud or abuse of discretion justifying a reversal and this Court rules that had the items included in defendants' offer of proof been admitted, the decision of the trial court would still be justified.

While it may have been better practice to permit defendants to offer proofs in certain areas up to the time of the city commission's action authorizing condemnation (September 23, 1969) it does not, in the opinion of this Court, constitute reversible error for the trial court to have so restricted proofs in this matter.

We believe that trial courts should in the future liberally allow the property owner to present such evidence as is relevant to the issue of necessity in determining fraud or abuse of discretion up to the time condemnation is authorized, restricting such evidence, however, to prevent jeopardizing the success of such urban renewal projects in revealing negotiations with developers and others who insist on secrecy until contracts have been completed. Each person's property rights, though entitled to the law's protection, is necessarily subject to the public's paramount needs, provided the property owner is adequately compensated for such property.

We, therefore, hold that the court's ruling restricting proofs to the date of the adoption of the urban renewal plan was not reversible error in this matter.

The second question to be determined on defendants' appeal is:

Was the evidence presented at the hearing of this cause in the circuit court of Muskegon county sufficient to show fraud or abuse of discretion, or both, in determining the necessity of taking of defendants' properties for the purposes stated in the petition?

The defendants contend that the proofs in this matter show that the city commission, through its agents and employees, in adoption of the urban renewal plan, misrepresented the costs to the city

and the monies to be received from the Federal government in the program, that changes in the plan have been effected, and that defendants were misled by agents of the city as to their rights in this matter.

Under our law the burden of proving fraud or abuse of discretion in the matter here before the Court is by the Legislature placed on the property owner.

This matter was tried before three Muskegon County circuit judges sitting *en banc* who heard the evidence and observed the witnesses. Based on the proofs submitted, the trial court's findings of fact and conclusions of law being supported by the evidence, this Court will not reverse unless the record fails to justify such findings and the same are clearly erroneous, or to prevent a miscarriage of justice. GCR 1963, 517.1; *King* v. *Partridge* (1968), 9 Mich App 540, 544. We do not so find.

Defendants have also alleged a violation of their right to due process of law. It appears to this Court that the city commission followed the provisions of MCLA § 125.71 *et seq.* (Stat Ann 1969 Rev § 5.3501 *et seq.*) which defendants had not contested at the trial of this matter and that, in addition, the defendants were given a three-day hearing in the Circuit Court of Muskegon County before a panel of three circuit judges. It is this Court's judgment that defendants have not only been accorded their right to due process of law but have been given adequate opportunity to demonstrate fraud or the abuse of discretion both before the city commission and before the three-member panel of circuit judges.

Affirmed. No costs, a question of general public concern being here involved.

All concurred.