OWENS-CORNING FIBERGLAS COMPANY *v*
HOLLAND TILE COMPANY, INC

1. JUDGMENT—ISSUES NOT PRESENTED—PLEADING—SALES—PASSING
TITLE.

Trial court's decision, in plaintiff's suit claiming title to tile,
that title to ceiling tile passed to general contractor after
the subcontractor had abandoned his work of installing the
tile, was not based upon an issue outside the scope of the
pleadings and evidence where the only relevance of the court's
reference to abandonment was to the question of when title
passed.

2. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT.

Summary judgment was properly denied plaintiff materialman
in its suit claiming title to tile where defendant claimed
ownership and plaintiff's motion for summary judgment stated
that defendant's counterclaim showed only a "weak claim" of
ownership.

3. EVIDENCE—DAMAGES—REPLACEMENT COST—HEARSAY.

Admitting estimates by third parties, who were not in court
and not subject to plaintiff's cross-examination, of the replace-
ment cost of ceiling tile required to be purchased by defendant
general contractor as a substitute for tile removed by plaintiff
materialman from the construction site after plaintiff had
commenced its claim and delivery action for the material, was
not reversible error where, in the absence of these estimates,
the value of replacement materials would have been placed
at $7,500, as specified in the complaint and as established by
plaintiff's own witnesses, not the estimated $6,105 submitted
by defendant, and a judgment for $6,105 was entered in

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur, Sales § 410 *et seq.*
[2] 41 Am Jur, Pleading §§ 340–343.
[3] 46 Am Jur, Sales § 615 *et seq.*

favor of defendant on its counterclaim, because rather than being prejudiced by the admission of these estimates, plaintiff was materially benefited in the sum of $1,395.

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 January 7, 1972, at Grand Rapids. (Docket No. 11557.)   Decided February 25, 1972.

Complaint by Owens-Corning Fiberglas Company against Holland Tile Company, Inc., and Osterink Construction Company for claim and delivery to determine legal title and right to possession of ceiling tile.   Defendant Osterink counterclaimed. Judgment on counteraction for defendant.   Plaintiff appeals.   Affirmed.

*Muller, Holmes & Muller,* for plaintiff.

*Warner, Norcross & Judd* (by *John D. Tully*), for defendant Osterink.

Before: R. B. BURNS, P. J., and FITZGERALD and V. J. BRENNAN, JJ.

FITZGERALD, J.   This case involves a claim and delivery action commenced by plaintiff, Owens-Corning Fiberglas Company, on January 17, 1969, in the Muskegon County Circuit Court.   Plaintiff sought thereby to obtain a determination as to the legal title to, and the right to possession of, a quantity of ceiling tile.   Plaintiff, as materialman, had supplied the tile to defendant Holland Tile Company, Inc.   Holland, as subcontractor, agreed to install said tile at a Fruitport, Michigan, school construction site for defendant Osterink Construction Company, the general contractor at the site. Defendant Holland failed to complete the job, and

plaintiff endeavored to regain possession of the tile at the site. Upon refusal of defendant Osterink to deliver the tile to plaintiff, the present action was instituted. A nonjury trial was held before the Honorable Albert J. Engel, Muskegon County Circuit Judge, on January 7, 1971. By opinion dated January 19, 1971, the court determined that the taking, by plaintiff, of tile from the construction site following commencement of the claim and delivery action was wrongful, and that defendant Osterink was entitled to recover the value of the same in the amount of $6,105 from plaintiff. This appeal was filed on April 20, 1971, subsequent to the trial court's denial of plaintiff's motion for new trial.

In its original complaint, plaintiff averred (1) that it had sold ceiling tile to defendant Holland; (2) that defendant Holland had taken possession of the tile and transported the same to the Fruitport, Michigan, school location; (3) that when defendant Holland was unable to pay for the tile, it signed a written instrument returning and assigning title to the tile to plaintiff; and (4) that defendant Osterink was wrongfully holding the tile contrary to plaintiff's ownership right.

Defendant Osterink filed an answer and counterclaim on February 5, 1969. By answer, defendant (1) admitted possession of tile of the description and value set forth in plaintiff's complaint; (2) admitted that defendant Holland had transported and delivered the tile to it at the Fruitport school location prior to the seizure by plaintiff of the same after commencement of this action; (3) denied that it had been wrongfully holding the tile and stated that it had good title to the property at the time of plaintiff's seizure of the same; (4) denied that plaintiff was entitled to possession of the tile and stated

that title thereto had passed to defendant Osterink at the time of commencement of this action; and (5) denied that it had been requested to deliver the property to plaintiff or that it had unlawfully detained the same.

By counterclaim, defendant averred in part in count I thereof as follows:

"3. Prior to January 17, 1969, Osterink had entered into a contract with defendant Holland Tile Company for the furnishing of labor and materials necessary to accomplish acoustical treatment of the Fruitport Middle School (referenced as Fruitport High School in plaintiff's complaint), Fruitport, Michigan.

"4. Said contract contained no explicit agreement as to passage of title.

"5. Prior to January 17, 1969, defendant Holland Tile Company had, pursuant to said contract, physically delivered certain ceiling tile into the possession of Osterink at the Fruitport Middle School site.

"6.[7] On Friday, January 17, 1969 [and Monday, January 20, 1969], Owens-Corning, * * * and/or those acting in concert with them removed from said site [ceiling tile therein described].

* * *

"9. As a result of said wrongful taking, Osterink has been compelled to expend substantial amounts of time and money to obtain additional materials in replacement for those taken by Owens-Corning, in order to fulfill its contractual obligations on the job site."

Plaintiff, by answer to defendants' counterclaim, filed on May 22, 1969, stated in part:

"3. Answering Paragraph #3, Plaintiff admits same.

"4. Answering Paragraph #4, Plaintiff neither admits nor denies same and states that the instrument will speak for itself.

"5. Answering Paragraph #5, Plaintiff admits that the tile was delivered to the Fruitport Middle School site, but denies that Defendant acquired any interest therein until it either paid for said tile or it was installed on the job.

"6.[7]. Answering Paragraph #6 [and Paragraph #7], Plaintiff admits having removed certain tile from the Fruitport Middle School, which tile was owned by your Plaintiff."

Following the filing by plaintiff, Owens-Corning Fiberglas Company, of a motion for summary judgment on March 3, 1969, and the denial, by the court, of said motion by opinion dated May 8, 1969, plaintiff filed an amended complaint on May 22, 1969. Therein, plaintiff averred in part:

"2. That on or about November 25, 1968, and December 13, 1968, Plaintiff delivered merchandise (in the form of ceiling tile) to Holland Tile Company and delivered same to Fruitport School in Fruitport, Michigan. That balance owed to your Plaintiff for said merchandise is $7,500.

"3. That Plaintiff later discovered that Holland Tile Company was in fact insolvent at the time credit was extended. That the aforesaid Holland Tile Company had represented itself as solvent to your Plaintiff in writing within three months prior to delivery of the material.

"4. That the aforesaid Holland Tile Company revoked its acceptance of the merchandise and revested title in Plaintiff by a written instrument dated January 14, 1969.[1]

---

[1] The letter from the vice president of defendant Holland Tile Company to plaintiff, Owens-Corning Fiberglas Company, dated January 14, 1969, and admitted into evidence, stated: "This letter hereby authorizes Owens-Corning Fiberglas to pick up all type S & Fiss ceiling board labeled Owens-Corning Fiberglas UL from the Fruitport High School, Fruitport, Mich. This release also will release the Holland Tile Company for liability to Owens-Corning Fiberglas for this material."

"5. That Defendant Osterink Construction Company was at no time owner of the real estate or property known as Fruitport School in Fruitport, Michigan, but being general contractor it had keys to the doors of said building.

"6. That when Plaintiff attempted to peacefully recover its property defendant wrongfully and unlawfully refused access to the premises to your Plaintiff so as to make it impossible for Plaintiff to recover its property and necessitated the Plaintiff incurring the expense of a claim and delivery action.

"7. That at no time had Plaintiff's material been installed on the project nor had defendant Osterink Construction Company ever purchased or paid for same.

\* \* \*

"9. That Plaintiff has good and lawful title to the material heretofore described in the Claim and Delivery and was entitled to possession thereof.

Defendant Osterink's answer to the foregoing amended complaint, filed on June 1, 1970, stated in part:

"2. This defendant admits that tile was delivered to the Fruitport school site in Fruitport, Michigan and neither admits nor denies the balance claimed owing in paragraph 2 of the amended complaint. The balance of said paragraph 2 is denied.

"3. Neither admitted nor denied for lack of sufficient information on which to form a belief.

"4. Assuming the authenticity of Exhibit 1 to plaintiff's complaint [the latter dated January 14, 1969, footnote 1], this defendant states that the exhibit speaks for itself and the allegations of paragraph 4 of the amended complaint are legal conclusions not requiring answer."

Defendant also denied the averments of paragraphs 5–7 and 9 of plaintiff's amended complaint.

Following the issuance by the trial court of its decision of January 19, 1971, wherein it was held

that title to the ceiling tile in question had passed to defendant Osterink, plaintiff's motion for new trial was filed on February 3, 1971, and denied by order entered on April 5, 1971. In that motion, plaintiff alleged (1) that the trial court based its decision upon issues which were not presented by the parties' pleadings; (2) that the decision was contrary to the evidence presented and the applicable law; (3) that the trial court committed errors of law and fact; and (4) that the trial court committed error in denying plaintiff's motion for summary judgment.

On appeal, plaintiff raises three assertions of error which, as restated, will be considered in the order presented.

I. *Did the trial court base its decision upon an issue outside the scope of the pleadings and evidence and thereby commit error?*

Plaintiff claims that the trial court entered judgment based solely upon the issue of "abandonment", and committed error in so doing; the only issue raised by the pleadings having involved the question of title to the ceiling tile in question and whether said title had passed from defendant Holland to defendant Osterink. It argues that the court "avoided this issue somewhat". Plaintiff cites authority in support of the proposition that a judgment deciding matter foreign to the issues framed is void, and asserts that the judgment herein, not having been based on the issue properly before the court, cannot stand.

Defendant Osterink counters by asserting that the issue raised by plaintiff, and considered herein, may readily be resolved by reference to the pleadings in this case and to the court's opinion; that while plaintiff asserted that title had been revested in it by defendant Holland, defendant Osterink contended that at the time of seizure by plaintiff of the goods

in question, title thereto was in defendant; that the only relevance of the court's reference to abandonment was to the question of *when* title passed; and that the court properly ruled, in accord with the pleadings filed, that title had passed to defendant Osterink on the basis of one of two theories, as set forth in the court's opinion.

The trial court's opinion appears to support the position taken by defendant Osterink and clearly shows that the court ruled upon the question of the title to the ceiling tile here in dispute. The court stated therein, in part, as follows:

"It was the claim of the plaintiff that although the material was delivered to the job site, title never passed at any time to the defendant Osterink and that as between it and Osterink, plaintiff's right of possession and title were superior. Plaintiff relies primarily upon a claim of a trade custom that title did not pass until the materials were actually installed pursuant to the contract between Holland and Osterink and further that by reason thereof, the document which is plaintiff's exhibit II, dated January 14, 1969, vested title to the tile in plaintiff.

"It was the claim of the defendant that under the sales provision of Uniform Commercial Code, 19-.2401(2)[2] title passed to the buyer at the time the seller completed his performance with reference to the physical delivery of the goods.

"It is uncertain from the proofs as to the exact date on which the final shipment was delivered to the job site. According at least to the invoices which are plaintiff's exhibit I, the last shipment was sent by plaintiff to Holland Tile Company, c/o Fruitport School, Fruitport, Michigan, from Mobile, Alabama,

---

[2] MCLA 440.2401(2); MSA 19.2401(2) provides in part: "Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place;  *  *  *  *  "

on December 23, 1968. It was the testimony of Osterink's superintendent, Marion DeYoung, that the last shipment arrived on the site in the early part of January and that he contacted Holland to advise them of this. At this time, he was told by Holland that they were not coming back on the job and to go ahead and unload the material on the site. He testified that Holland never thereafter showed upon the job. Mr. DeYoung then called Leonard Osterink, president of Osterink Construction Company, and advised that Holland had removed all of its equipment, although the tile still remained on the site. Leonard Osterink then called Warren Drooger, president of Holland, and asked why all the equipment had been so removed. Drooger then told Mr. Osterink that they did not intend to complete the job and they discussed what was then to be done, particularly with regard to material. It was Leonard Osterink's testimony that Warren Drooger then told him that although they could not complete the job, there was enough tile, except for the ceramic tile for the pool, to enable the job to be completed. * * *

"The record is void of any express agreement, written or oral, as to the question of passage of title at the time the tile was delivered to the site. Accordingly, under the provisions of MSA 19.2401(2), the court is of the opinion that title to the tile in question passed from and out of Owens-Corning not later than the time of its delivery on the site. The question then becomes whether or not by reason of Holland's contract with Osterink, title then simultaneously passed from Holland to Osterink, even though the tile had not as yet been installed.

"The court's view of the foregoing facts and all the other evidence which it has also carefully considered, differs somewhat from the theories of either of the parties. Regardless of whether or not in a strictly technical sense title passed to Osterink simultaneously with delivery of the material, it is clear to the court that upon its arrival on the site, Holland had already abandoned the job and, in fact, had removed

all the equipment which it conceived it had a right to remove under the circumstances. Thus, if Osterink was not immediately vested with title by operation of law, it is clear that in the conversations which Leonard Osterink had with Warren Drooger, as well as Marion DeYoung's conversation when the last load was delivered, clearly indicates to the court an intention by Holland to abandon the job and the material and to relinquish whatever rights Holland had in it at that time to Osterink. Thus, under either theory, at the time of the delivery of the last shipment or at the latest at the time of the conversation between Mr. Osterink and Mr. Warren Drooger, title passed to Osterink. It, therefore, follows that as against Osterink, Owens-Corning could not have been granted any superior rights in the material by virtue of the letter of January 14, 1969, for the simple reason that at that subsequent time, Holland Tile had no title or possession to transfer. It, therefore, also follows that the plaintiff's case for claim and delivery must fail."

Plaintiff does not assert that the result reached by the trial court, decreeing title to the tile to have become vested in defendant Osterink, was erroneous, nor does it cite any authority which would support such a contention. That portion of the trial court's opinion above quoted clearly reveals, contrary to plaintiff's position, that the issue framed by the pleadings—title to the ceiling tile—was met head-on by the court and resolved in favor of defendant Osterink. No error appears in regard to this issue.

II. *Did the trial court commit error in denying plaintiff's motion for summary judgment?*

Plaintiff's motion for summary judgment, filed on March 3, 1969, alleged in part:

"3. That defendants entire counterclaim recites a weak claim of ownership and claims damages from plaintiff for taking possession of same."

The trial court, in considering the foregoing aver-ment, denied plaintiff's motion by opinion filed on May 13, 1969. The court stated therein in pertinent part as follows:

"Plaintiff's motion for summary judgment must fail. The answer of the defendant Osterink Construction Company clearly denies any wrongful holding of the property and alleges that it had good title to the property involved. This creates then a fact question for the determination of the court which requires a decision on the merits at the trial of the case. While it is true that the brief for plaintiff has appended to it certain photo copies of documents which it claims establishes title, still these documents are not made the part of any sworn affidavit or pleadings from which the court can take recognition in the motion. They are not admitted and if they were, they merely show the basis for the plaintiff's claim of title. They do not, of themselves, necessarily preclude defendants from claiming otherwise, especially defendant Osterink Construction Company."

Plaintiff claims that there were no material questions of fact raised in the pleadings and that, as a matter of law, plaintiff was entitled to entry of judgment in its favor.[3] Plaintiff, contending that

---

[3] It is to be noted that plaintiff did not state, in its motion for summary judgment, the ground upon which the motion was predicated. In GCR 1963, 117.2, it is stated:

"The motion for summary judgment shall state that the moving party is entitled to judgment in his favor because of any 1 of the following grounds:

"(1) the opposing party has failed to state a claim upon which relief can be granted.

"(2) the opposing party has failed to state a valid defense to the claim asserted against him.

"(3) that except as to the amount of damages there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law." GCR 1963, 117.3, requires that a motion based upon sub-rule 117.2(3) be supported by affidavits, as governed by GCR 1963, 116.4.

title passes to the buyer at the time and place at which the seller completes his performance, MCLA 440.2401(2); MSA 19.2401(2) (see footnote 2), asserts that performance in this case would not have been complete until defendant Holland, as seller, installed the tile in question.

Defendant Osterink asserts that, however weak plaintiff may have considered defendant's claim of ownership to be, it thereby admitted that a dispute existed between the parties concerning the question of title; and that, where a dispute regarding a material fact exists, summary judgment may not be granted.

The record in this case reveals the existence of material issues of fact, pertaining to the opposing claims of ownership of the ceiling tile in question, so as to preclude entry of summary judgment. See *Durant* v *Stahlin,* 375 Mich 628 (1965); *Beardsley* v *R J Manning Co,* 2 Mich App 172 (1966); *American Parts Co Inc* v *American Arbitration Association,* 8 Mich App 156, 170 (1967). The trial court's denial of plaintiff's motion for summary judgment was proper.

III. *Did the trial court commit error in admitting into evidence certain testimony and exhibits regarding estimates made by third parties who were not present in court and, therefore, not subject to cross-examination by plaintiff?*

The complained of evidence established the "replacement cost" ($6,105) of the material required to be purchased by defendant as a substitute for material removed by plaintiff from the construction site

GCR 1963, 116.4, provides in part that such affidavits "shall be made on personal knowledge and shall set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds stated in the pleading or motion." The affidavit submitted with plaintiff's motion did not conform to the foregoing sub-rule.

subsequent to the commencement of this action. The trial court stated in its opinion of January 19, 1971, the following as regards the evidence under consideration:

"It is not feasible or possible even to order the return of the material actually recovered by the sheriff. Since that material was required by Osterink in order to finish its job, it of necessity had to obtain replacement immediately and did so. * * *

"Interestingly enough, it is the testimony of the plaintiff's witness to the effect that the value of the property so taken [by plaintiff from the construction site] was $7,500 whereas on the other hand it was the testimony of the defendant's witness that with respect to replacement of the property taken, they incurred a loss of only $6,105. Since the law contemplates the awarding of compensation for the wrongful taking and is not now strictly based upon the full market value of the property, judgment must therefore enter in favor of the defendant Osterink Construction Company on its counterclaim in the amount of $6,105."

Plaintiff asserts only that the admitted evidence, establishing the estimates as to replacement costs of the material in question, was hearsay and inadmissible. Defendant Osterink, however, counters by noting, as the trial court made clear, that, absent the admission of the evidence to which objection is made by plaintiff, the value of the replacement materials would have been $7,500, as specified in the complaint and as established by plaintiff's own witnesses. Defendant therefore contends that the plaintiff was not prejudiced by admission of the evidence.

Plaintiff does not allege that it was prejudiced by the introduction of the evidence in question. The admission of the same hearing resulted in a material benefit to plaintiff—the difference between $7,500

and $6,105, or $1,395—no prejudice was thereby incurred by plaintiff.  GCR 1963, 529.1.[4]
Affirmed.  Costs to defendant Osterink.
All concurred.

---

[4] "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court  *  *  *  is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."