STATE HIGHWAY COMMISSION v MOBARAK

1. CONSTITUTIONAL LAW—STATUTES—CONSTRUCTION.

It is the duty of the Court of Appeals to arrive at a constitutional conclusion, if possible, when presented with a problem of reconciling the wording of the Michigan Constitution and a statute which furnishes the procedural implementation of the constitutional provision.

2. EMINENT DOMAIN—COMPENSATION—TIME OF PAYMENT—CONSTITUTIONAL LAW.

The constitutional provision that "[p]rivate property shall not be taken for public use without just compensation therefor being *first* made" was not intended by the framers to be read literally that the state could not take property until the whole initial proceeding was completed and the appeal of right concluded so that the amount determined to be just could be first made or its payment secured since such an interpretation would grind to a halt the whole integrated state and Federal road building program, and the Court of Appeals cannot conclude that the framers of the Constitution intended such an absurd result (Const 1963, art 10, § 2).

3. EMINENT DOMAIN—COMPENSATION—DATE OF VALUATION—STATUTES.

The statute fixing the date of valuation of condemned property as the date of filing the declaration of taking or the date of commencement of trial, whichever is earlier, is a reasonable exercise of legislative authority (MCLA 213.389).

4. EMINENT DOMAIN—COMPENSATION—DATE OF VALUATION—DATE OF TAKING.

Property taken under the power of eminent domain need not be valued as of the date of deposit of estimated just compensation to comply with the constitutional requirement that compensa-

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law §§ 58, 59, 101 *et seq.*
[2] 27 Am Jur 2d, Eminent Domain §§ 262–264.
[3–5] 26 Am Jur 2d, Eminent Domain § 152.
    27 Am Jur 2d, Eminent Domain §§ 273, 274, 283, 284.

tion be first made or secured even though a statute provides that title to property vests in the petitioner upon such deposit, since technical passage of title does not necessarily determine when a taking actually occurred; the act of depositing merely vests title in the petitioner as to property which has already been taken within the intendment of the condemnation act (MCLA 213.369, 213.389).

5. EMINENT DOMAIN—COMPENSATION—DATE OF VALUATION—REMAIN-ING PARCEL.

Allowing an amended declaration of taking under the power of eminent domain, which included the condemnation of a parcel of land the value of which had been claimed by the landowner to be destroyed by the initial declaration of taking, to relate back to the date of filing the first petition as the date for determination of value of the remaining parcel was proper since property should be valued at the point when taken; the remaining parcel was taken at the moment the highway commission filed its declaration of taking of the initial parcel because property which is by action of the state rendered without any practical use and hence value is considered to be taken:

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 May 9, 1973, at Lansing. (Docket No. 14832.) Decided August 29, 1973. Leave to appeal applied for.

Petition for condemnation by the State Highway Commission against Frank J. Mobarak and Thelma A. Mobarak. A jury verdict awarded compensation. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Janis Meija,* Assistants Attorney General, and *James Paterson,* Special Assistant Attorney General, for the State Highway Commission.

*Lampert & Fried,* for defendants.

Before: QUINN, P. J., and BRONSON and O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'Hara, J. The problem presented by this appeal is to reconcile, if possible, the literal wording of art 10, § 2 of the 1963 Michigan Constitution and the statute which furnishes the procedural implementation of the constitutional provision.[1]

It is axiomatic that our duty is to arrive at a constitutional conclusion, if possible.[2]

The involved constitutional provision reads:

"Private property shall not be taken for public use without just compensation therefor being *first* made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record." (Emphasis supplied.)

We supplied the above emphasis because it is to this literal wording appellant addresses his appeal. The visceral issue he raises is what date controls the evaluation to be placed upon the property taken.

It is manifest that if the Constitution were read literally that the state could not "take" property until the whole initial proceeding were completed and the appeal of right concluded, so that the amount determined to be "just" could be "first" made or its payment "secured". Such an interpretation would grind to a halt the whole integrated state and Federal road building program. It would be totally unworkable for the state. Surely we cannot conclude that the framers of the Constitution intended any such absurd result.

The special condemnation act[3] provides the es-

---

[1] MCLA 213.389; MSA 8.261(29).

[2] *See generally* 16 Am Jur 2d, Constitutional Law, § 146, pp 350–352; § 175, pp 399–401.

[3] MCLA 213.361 *et seq;* MSA 8.261(1) *et seq.*

sential statutory authority for exercise of the eminent domain power. It seeks to arrive at a result which will be substantially just as between the sovereignty and the affected citizen landowner.

Upon filing of the declaration of taking, the State Highway Commission places on deposit with the State Treasurer or other designated official the amount of estimated just compensation which it in good faith believes constitutes fair recompense for the property sought to be acquired by the state. MCLA 213.369; MSA 8.261(9). One purpose of the deposit is to grant the government immediate possession of the property and to relieve it from the burden of paying interest on funds deposited from the date notice of taking was given until the eventual date of payment. As to the former landowner, the deposit provision sensibly provides immediate compensation to the full extent of the property's estimated cash value. The payment is merely provisional and is by no means a final settlement of the amount ultimately due. Should the jury award a verdict in excess of the amount deposited, the condemnee recovers the excess with interest. See *State Highway Commission v Davis,* 38 Mich App 674; 197 NW2d 71 (1972). By virtue of these provisions the statute seeks to balance the legitimate interests of both the state and the property owner.

We conclude that though the property is constructively taken upon the filing of the declaration of taking, it is a reasonable exercise of legislative authority to fix the date of evaluation as the date of filing the declaration or the date of commencement of trial, whichever is earlier.[4] Neither the constitutional convention, the Legislature, nor the courts can control those economic forces which

---

[4] MCLA 213.389, *supra.*

affect the value of property during the progress of proceedings to fix just compensation. Conceivably in one instance a property owner may profit by the time taken to complete the proceedings. Conceivably too he may sometimes be adversely affected. Such a contingency is an inherent hazard of an organized society which must function within the inevitable passage of time.

In this case the pertinent facts appear as follows. The State Highway Commission commenced this action to condemn a parcel of land which was necessary for the development of a section of I-96 in Oakland County. The defendants answered by filing a motion to compel the highway commission to take their entire parcel of land. In the motion it was alleged that a partial taking would render the defendants' remaining property landlocked and would leave them with a worthless piece of property. Subsequently, plaintiff highway commission consented to a total take of defendants' land. Upon trial to a circuit court jury, it was determined that just compensation for all the property was $41,500. A motion for a new trial was presented to the trial court, alleging that the judge had erroneously determined the date on which the involved property should be valued. The motion was denied. This appeal followed.

The first issue pertains to whether the valuation section of the special condemnation act, MCLA 213.389; MSA 8.261(29), which provides that the date of valuation shall be the date of filing the declaration of taking,[5] contravenes the constitu-

---

[5] MCLA 213.389; MSA 8.261(29) provides in pertinent part:

"The date of valuation in all proceedings pursuant to this act shall be the date of filing the declaration of taking or the date of commencement of trial, whichever is earlier. The value of the property, and of any part thereof remaining after the taking, shall be determined with respect to the condition of the property and the state of the market on that date."

tional requirement of art 10, § 2, Constitution of 1963, that just compensation must be "first made or secured in a manner prescribed by law" before private property can be taken.

Defendants contend that they were denied their right to have just compensation first made or secured because the date of valuation precedes the time at which the estimated just compensation is placed on deposit. Practically speaking, they argue the date of deposit of estimated just compensation represents the actual date on which the property was taken. Thus they assert that property taken under the power of eminent domain should be valued as of the date of deposit.

The "taking" provision of the involved condemnation act, MCLA 213.367; MSA 8.261(7), evidences a two-fold purpose. The filing of the declaration of taking by the petitioner declares that certain property is thereby taken and puts the landowner on notice[6] that the state desires his particular property thus inhibiting any future use. Filing of the declaration also establishes the date of valuation for the purpose of securing the right of just compensation to the landowner.

The deposit section of the act, MCLA 213.369; MSA 8.261(9), provides that upon filing of the declaration and depositing of the estimated compensation with a designated public official "title to the property described in the declaration of taking shall vest in [the] petitioner". However, technical passage of title does not necessarily determine when the taking actually occurred.[7] As stated in 3

---

[6] Since the declaration of taking may be filed at any time before the judgment, MCLA 213.367; MSA 8.261(7), notice to an affected property owner may be by service of a notice of taking and statement of estimated compensation pursuant to MCLA 213.366; MSA 8.261(6).

[7] See *United States v 1,060.02 Acres of Land, Etc,* 215 F Supp 811 (WD Ark, 1963), and *United States v 551.03 Acres of Land, Etc,* 249 F

Nichols on Eminent Domain (3d ed), § 8.5(1), pp 27–28, in those jurisdictions where the taking is accomplished by administrative order with the damages to be later determined by a court of law, the amount of compensation which the condemnee will receive is ascertained as of the date the declaration is filed.[8] Consequently, we hold that the act of depositing merely vests title in the petitioner as to property which has already been "taken" within the intendment of the involved condemnation act. Hence, there is no conflict between the valuation section of the special condemnation act, MCLA 213.389, *supra*, and the eminent domain section of the 1963 Michigan Constitution, art 10, § 2.[9]

Now as to the second issue raised on appeal defendants claim that if MCLA 213.389, *supra*, relating to the date of valuation, is construed to be constitutional then the proper date for the determination of value in this case as to that portion of the property which was subsequently taken is the date of filing the amended declaration of taking. The state did not declare its intention to take all of the property until it filed an amended declaration of taking some time later. Therefore, appellants argue the proper date for determination of value should be the day the amended declaration was filed and not that of the original filing. They

Supp 253 (ED Ill, 1966), construing a statute similar to Michigan's own "quick take" statute.

[8] For a discussion with respect to when property is taken under a Federal Act substantially similar to that herein involved, *see United States v Dow*, 357 US 17; 78 S Ct 1039; 2 L Ed 2d 1109 (1958).

[9] True, there is a provision in that statute, MCLA 213.368; MSA 8.261(8), permitting an aggrieved landowner to file a motion in circuit court claiming abuse of discretion or fraud in the necessity of the taking. This very limited scope of review is such that it cannot reasonably be construed to postpone the time of the taking until after the trial court's disposition of a motion raising the necessity issue. Most jurisdictions with "quick take" statutes do not provide for *any* challenge to the *necessity*.

claim the trial court erred by providing that the amended declaration should relate back to the date of filing the first petition.

We do not understand how defendants can possibly complain of prejudice with respect to the trial court's entry of an order amending the original declaration of taking to provide for a complete taking of all the involved property. This is so because defendants asked that it be done. It is a condition precedent to condemning an entire parcel under MCLA 213.365; MSA 8.261(5), that if the proposed condemnation of a portion of land destroys the practical value or utility of the remaining parcel the owner may ask that the whole parcel be taken. As a general rule, property which is by action of the state rendered without any practical use and hence value is considered to be taken. See *In re Urban Renewal, Elmwood Park Project,* 376 Mich 311, 315, fn 2; 136 NW2d 896, 899 (1965). This situation occurred in this case at the moment the State Highway Commission filed its declaration of taking of the initial parcel. For that reason the property should be valued at the point when "taken". Such was the situation in this case.

We hold the challenged section of the statute is not constitutionally infirm. We find no reversible error in the proceedings. The judgment entered upon the jury verdict is affirmed. No costs, a public question.

All concurred.