STATE HIGHWAY COMMISSION v CRONENWETT

1. EMINENT DOMAIN—HEARING—DELAY—DUE PROCESS.

A 3-1/2-year delay between the filing of a petition for condemnation and a hearing on the petition did not constitute a deprivation of property without due process of law where defendant landowners continued to peacefully occupy and farm the land during the delay period, all of the requirements of the condemnation statute were originally complied with by the petitioner, the defendants did not file a motion for timely review within the required ten-day period, and where defendants were instrumental in causing the delay by failing to move on the case and failing to proceed with a pretrial hearing.

2. EMINENT DOMAIN—DISCONTINUANCE—MOTION OF REVIEW OF NECESSITY—STATUTES.

Eminent domain proceedings can neither be discontinued nor title revested in the former owners absent the property owners' filing a motion of review of necessity where the petitioner has fully complied with all statutory provisions and deposited estimated compensation (MCLA 213.390).

3. EMINENT DOMAIN—DATE OF VALUATION—STATUTES—HARMLESS ERROR.

A trial court's designation of a nonstatutory date for valuation in eminent domain proceedings did not constitute reversible error where the valuation date used did not prejudice the appealing landowners; the Court of Appeals takes judicial notice that the market value of the property involved substantially increased during the 3-1/2-year intervening period and that strict compliance with the statute would result in an earlier valuation and a decreased market value for the landowners (MCLA 213.389; GCR 1963, 539.1).

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Eminent Domain § 412.
[2] 27 Am Jur 2d, Eminent Domain § 453 *et seq.*
[3] 27 Am Jur 2d, Eminent Domain § 273.
[4] 50 Am Jur, Statutes § 223.
[5] 27 Am Jur 2d, Eminent Domain § 419.

4. Eminent Domain—Statutes—Statutory Construction.

Statutes, including condemnation statutes, must be construed in such a manner as to effectuate their purpose, not defeat the legislative intent, and not lead to absurd results.

5. Eminent Domain—Damages—Fraud—Burden of Proof.

Defendant landowners did not sustain the burden of proof necessary to establish fraud where it was claimed that an offer to purchase in an eminent domain proceeding was not made in good faith since, based on the pleadings and record in the case, the claim basically goes to the amount of damages and since the damages incident to whether the defendants were deprived of their remaining acreage or would have to spend substantial sums to gain access thereto could be determined by the jury impanelled to determine damages; honest differences of opinion as to damage suffered do not constitute fraud.

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 January 9, 1974, at Lansing. (Docket No. 17324.) Decided March 7, 1974.

Petition for condemnation by the State Highway Commission against Robert L. Cronenwett and others. Order releasing funds to defendants, fixing a date of valuation, and granting physical possession to plaintiff. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Janis Meija,* Assistants Attorney General, and *Thomas H. Healy,* Special Assistant Attorney General, for plaintiff.

*Steve Polgar,* for defendants.

Before: Quinn, P. J., and Danhof and Allen, JJ.

Allen, J. This is a condemnation case commenced October 31, 1969 for the taking of two parcels of land owned by defendants Cronenwett

and Reiser. Action was brought under authority of 1966 PA 295 providing for condemnation of property for public purposes by the State Highway Commission and local units of government, MCLA 213.361, *et seq.;* MSA 8.261(1), *et seq.* Taking was for the purpose of the construction of a 1.9-mile section of interstate highway I-275 in and through Ash Township, Monroe County, Michigan. After prolonged delay, the trial court on May 18, 1973 ordered a release of funds on deposit to defendants, fixed May 18, 1973 as the date for valuation of the two parcels, and granted physical possession to plaintiff effective July 1, 1973.

Appeal from this order was filed with the Court of Appeals May 30, 1973, followed by a motion for a stay of proceedings which was denied by the Court of Appeals July 13, 1973.

Upon filing the petition for condemnation October 29, 1969, plaintiff filed a declaration of taking, a notice of taking, and a statement that $8,100 was the estimated just compensation. This was deposited with the state treasurer as required by statute, and date for hearing was set for December 12, 1969 on which date then counsel of record for defendants, now deceased, entered his appearance together with objections to the petition. However, no motion to review the necessity of taking was filed within ten days from the notice of taking as required under the statute, MCLA 213.368: MSA 8.261(8).

Thereafter, the case lay dormant for some 13-1/2 months when on January 29, 1971, present counsel for defendants entered his appearance. Sixteen months later on May 31, 1972 defendants' counsel successfully moved to have the case saved from the no-progress calendar. A pretrial hearing commenced July 13, 1972 but was not continued.

No further proceedings were had for an additional ten months when on May 9, 1973 plaintiff moved on the original petition for an order of possession with a hearing on such motion set for May 18, 1973.

At the hearing May 18, 1973, plaintiff explained that the state was ready to proceed in 1969 but the unexpected withholding of Federal road funds forced a postponement of construction. Plaintiff conceded that in view of the long delay the Highway Department would "have no objection to the court setting a more reasonable date for evaluation * * * even just let's say today's date". The court thereupon entered its order May 18, 1973 determining the date for valuation to be May 18, 1973.

Defendants make three objections to the lower court's order, the dominant one being that the State Highway Commission abused its discretion in not noticing the case for hearing until some 3-1/2 years after filing the petition for condemnation. Defendants contend such delay constitutes a deprivation of property without due process of law in violation of Const 1963, art 1, § 17 and US Const, Am XIV, § 1. Defendants further contend plaintiff failed to comply with 1966 PA 295 governing the acquisition of property for public purposes, MCLA 213.361 *et seq.;* MSA 8.261(1), *et seq.*

While we do not favor long delays in the condemnation process and are mindful that the power of eminent domain is a drastic power which should be construed in favor of the displaced landowner, *Muskegon v Irwin,* 31 Mich App 263, 268; 187 NW2d 481, 484 (1971), *leave to appeal denied,* 385 Mich 766 (1971), we find no violation of due process. During the delay period defendants continued to peacefully occupy and farm the land. All of the .

requirements of the statute were originally complied with. Plaintiff filed petition for acquisition, statement of necessity, declaration of taking, demand for jury, and a statement of what was then considered to be fair compensation, and compensation was paid to the state treasurer. It was defendants who did not file a motion for timely review within the required 10-day period, MCLA 213.368; MSA 8.261(8). It was defendants who for 16 months from present counsel's appearance did not move on the case and for an additional 10 months did not proceed with the pretrial hearing. It was by plaintiff's motion only that hearing was had on the October 29, 1969 petition.

The recent decision of this Court in *State Highway Commission v Mobarak,* 49 Mich App 115, 120–121; 211 NW2d 539, 541–542 (1973), precludes this Court from reversing the order granting possession to plaintiff. In that case the Court said:

"The deposit section of the act, MCLA 213.369; MSA 8.261(9), provides that upon filing of the declaration and depositing of the estimated compensation with a designated public official 'title to the property described in the declaration of taking shall vest in [the] petitioner'. * * * Consequently, we hold that the act of depositing merely vests title in the petitioner as to property which has already been 'taken' within the intendment of the involved condemnation act."

Once title has vested in the state the property owner is without power to discontinue the proceedings.

"The petitioner shall not have power to discontinue the proceedings under this act after the vesting of title to the property taken." MCLA 213.390; MSA 8.261(30).

Absent the property owners filing a motion of review of necessity as allowed under MCLA

213.368; MSA 8.261(8), and the state having at that time fully complied with all statutory provisions and deposited estimated compensation, the proceedings can neither be discontinued nor title revested in the former owners.

Defendants also claim error because the trial court set a different date (May 18, 1973) for valuation of the property than the date permitted by statute. Defendants argue that although the state *initially* complied with the statute at the time title vested, the statute was violated once a different valuation date was established, and that having violated the statute, MCLA 213.366; MSA 8.261(6) required the state to file a new good faith offer of purchase and a new statement of estimated compensation.

It is true that the lower court's order technically violated the statute. MCLA 213.389; MSA 8.261(29) provides:

> "The date of valuation in all proceedings pursuant to this act shall be the date of filing the declaration of taking or the date of commencement of trial, whichever is earlier."

But we find nothing in the act which even by implication mandates a new petition or a new good faith offer of purchase. MCLA 213.366; MSA 8.261(6) refers to but one petition filing containing *inter alia* a statement of estimated compensation. This one petition filing is the original filing and the good faith offer of purchase is a condition precedent to the original filing.

The basic question, therefore, is whether the trial court's designation of an admittedly nonstatutory date for valuation constitutes reversible error. We hold that in this case it does not. It is difficult to see how the new valuation date prejudiced

defendants. Inflation and annual increases in state-equalized value, of which this Court takes judicial notice, substantially increased the market value of the two parcels of land during the 3-1/2 year period. Strict compliance with the statute would result in an October 31, 1969 valuation and a decreased market value for the defendants. Thus, the granting of the revised date is in accord with the intent of the statute governing highway condemnation as interpreted in *In re State Highway Commissioner,* 249 Mich 530, 535; 229 NW 500, 501 (1930), where the Supreme Court said:

"Just compensation should neither enrich the individual at the expense of the public nor the public at the expense of the individual."

It is also consonant with the language of this Court in *Michigan Consolidated Gas Co v Muzeck,* 4 Mich App 502, 509; 145 NW2d 266, 270 (1966), *aff'd,* 379 Mich 649; 154 NW2d 448 (1967):

"[S]tatutes, including condemnation statutes, must be construed in such a manner as to effectuate their purpose, not defeat the legislative intent, and not lead to absurd results."

By well-established court rule and case law, errors of a trial court which do not prejudice the appealing party are not reversible.

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. GCR 1963, 529.1

A judgment will not be reversed:

"[f]or any * * * default or negligence of any clerk or officer of the court, or of the parties, or their counselors or attorneys, by which neither party shall have been prejudiced." MCLA 600.2315(11); MSA 27A.2315(11).

In *Owens-Corning Fiberglas Co v Holland Tile Co, Inc,* 38 Mich App 690, 702; 197 NW2d 80, 87 (1972), this Court found no reversible error where otherwise inadmissible evidence of damage "resulted in a material benefit to plaintiff". Similar rulings are contained in *Dalm v Bryant Paper Co,* 157 Mich 550, 556; 122 NW 257, 260 (1909), where the Court noted an appellant could not complain "on account of holdings of the court which were too favorable in its behalf", and *Westinghouse Electric & Manufacturing Co v Hubert,* 175 Mich 568, 580; 141 NW 600, 605 (1913), where a part of instructions to the jury were "more favorable to the appellant than the law of the case would warrant".

Precedent for departure from the strict statutory date is found in urban renewal cases where long delay occurs between the date of commencement of the project and the date of filing of the petition during which delay period the value of the property diminishes. *In re Urban Renewal, Elmwood Park Project,* 376 Mich 311; 136 NW2d 896 (1965); *Foster v City of Detroit,* 254 F Supp 655 (ED Mich, 1966); *City of Cleveland v Carcione,* 118 Ohio App 525; 190 NE2d 52 (1963); *Madison Realty Co v City of Detroit,* 315 F Supp 367 (ED Mich, 1970); 13 Wayne L Rev 104, 259. In these cases which are the reverse of the instant case where the value increases in the delay period the Courts have held that the taking may be found to have occurred at the earlier date." Whether one follows

"the earlier date" doctrine of these cases or the "harmless error" doctrine of GCR 1963, 529.1 and supporting decisions, the fundamental rationale of each is that the compensation paid should neither enrich the individual at the expense of the public nor the public at the expense of the individual.

Defendants' remaining claim of error is that the proposed construction of a ramp on the east side of one of the parcels condemned results in eliminating access to defendants' remaining 80 acres and that terrain and natural watercourse features on the west side of one of the parcels condemned, which state and local laws require defendants to maintain in their natural state, cause a confiscation of defendants' remaining acreage. Because the estimated value of the parcels taken did not include anything for loss of the remaining 80 acres, defendants claim the offer of purchase was not made in good faith and constitutes a fraud.

This claim basically goes to the amount of damages. Based on the pleadings and brief record in this case, a bona fide dispute exists as to whether or not defendants are deprived of their remaining acreage or will have to spend substantial sums to gain access thereto. The trial court found there was no taking of the remaining parcel but that damages incident thereto could be determined by the jury impaneled to determine damages. Honest differences in opinion as to damage suffered do not constitute fraud. Under 1966 PA 295, which is the act under which this condemnation was brought, the burden of proof is upon the property owner to establish abuse of discretion or fraud.

"Under our law the burden of proving fraud or abuse of discretion in the matter here before the Court is by the Legislature placed on the property owner." *City of*

*Muskegon v Irwin,* 31 Mich App 263, 270; 187 NW2d 481, 485 (1971).

Based on the record we do not find this burden of proof was sustained.

Affirmed.

All concurred.