KALAMAZOO ROAD COMMISSIONERS *v.* DOSCA

1. EMINENT DOMAIN—EVIDENCE—PRIMA FACIE EVIDENCE—NECES-SITY.

   A declaration of necessity by a condemning authority serves as *prima facie* evidence of the necessity for the taking and consequently makes it incumbent upon the contesting property owner to show the contrary (MCLA § 213.368).

2. EMINENT DOMAIN—EVIDENCE—PRIMA FACIE EVIDENCE—NECES-SITY—DAMAGES—VALUE—HEARING.

   A rehearing on the necessity for taking additional land for highway purposes was properly denied where defendant landowners failed to overcome plaintiff road commissioners' *prima facie* showing of necessity by proofs of fraud or an abuse of discretion in condemning their land.

3. EMINENT DOMAIN—PROPERTY VALUE—DAMAGES—HEARING.

   Value of condemned property can be determined at a hearing on damages sustained by a contesting landowner in the taking of his property by a condemning authority.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 November 5, 1969, at Grand Rapids. (Docket No. 6,491.) Decided February 5, 1970. Leave to appeal granted September 22, 1970. 384 Mich 756.

Complaint by Kalamazoo County Road Commissioners against Leslie Dosca and Ellynn P. Dosca

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Eminent Domain §§ 404, 419.
[2] 26, 27 Am Jur 2d, Eminent Domain §§ 112, 399, 404.
[3] 27 Am Jur 2d, Eminent Domain §§ 399, 406, 409.

for condemnation of certain lands for highway purposes. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Paulson, Bennett, Palmer & Lewis* (*John R. LaParl*, of counsel), for plaintiffs.

*Robert L. Borsos,* for defendants.

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

R. B. BURNS, J. This case arises out of condemnation proceedings instituted under MCLA §§ 213.361–213.391 (Stat Ann 1969 Cum Supp §§ 8.261[1]–8.261[31]).

In 1966 the road commission purchased 4.22 acres of muck land from the defendants for $7,596. The land was acquired as a right-of-way for a county road project. In the course of construction the contractor began dumping large amounts of muck excavated from this property onto defendants' adjoining property. Aware that additional land for the right-of-way would have to be obtained from defendants, plaintiff made them an offer substantially different from that made for the property previously acquired.

In a letter dated August 20, 1968, the engineer-manager on behalf of the board stated:

"[W]e have just had a complete appraisal made of the land involved and, based upon this qualified appraisal, have reached the conclusion that the benefits to be derived from the project to your remaining land exceed any damages which might be shown for the taking of such land."

The nature of those benefits and how they differed from those already bestowed on defendants at the time of the 1966 acquisition was not explained.

The letter offered defendants $1 for 150 feet of right-of-way, *i.e.*, an additional 5.13 acres of land. Defendants refused the offer.

Seven days later, on August 27, 1968, plaintiff initiated condemnation proceedings including the filing of a declaration of taking. MCLA § 213.367 (Stat Ann 1969 Cum Supp § 8.261[7]).

Defendants filed a motion to review necessity alleging fraud and abuse of discretion by the board. MCLA § 213.368 (Stat Ann 1969 Cum Supp § 2.261 [8]). A hearing was held wherein it was established that the additional acreage would be used to store the muck and partially for the construction of a slope which would help support the road.

The circuit court found necessity in the taking, although it found the $1 offer "bordering upon the ridiculous." It did not find error, fraud, or an abuse of discretion since the "offer was made on the basis of an appraisal obtained." Neither the appraisal nor the identity of the appraiser was revealed at the hearing.

The circuit court ordered the property surrendered to plaintiff and the impaneling of a jury to determine just compensation for the taking.

Appeal to this Court was taken after a motion for rehearing below was denied.

A declaration of necessity by the condemning authority serves as *prima facie* evidence of the necessity and consequently makes it incumbent upon the property owner to show the contrary. *City of Allegan* v. *Vonasek* (1932), 261 Mich 16. The record in this case fails to show that the defendants have overcome plaintiff's *prima facie* show of necessity by any proofs of fraud or an abuse of discretion. To the contrary, all of defendants' arguments go to the

value of the property which can be determined at the hearing on damages.

Affirmed. No costs, a public question being in volved.

All concurred.