LIVINGSTON COUNTY ROAD COMMISSIONERS *v* HERBST

1. EMINENT DOMAIN—ROAD COMMISSIONS—NECESSITY OF CONDEMNATION—DETERMINATION—JUDICIAL REVIEW.

    The Legislature has authorized county road commissions to determine the necessity of condemning private property for public purposes; judicial review is available to any person having a justifiable interest and claiming fraud or abuse of discretion or both.

2. EMINENT DOMAIN—ROAD COMMISSIONS—NECESSITY OF CONDEMNATION—JUDICIAL REVIEW.

    Finding that a county road commission abused its discretion in condemning defendants' property in order that a certain intersection might be relocated to the north was clearly erroneous where the commission filed a declaration of necessity, along with its condemnation petition, asserting that relocation was necessary because of the high accident rate in the area of the intersection, and defendants, who had the burden of proving that the taking was unnecessary and constituted a fraud or an abuse of discretion, or both, presented no evidence but argued that the hazard could be corrected by speed limit signs and that the hazard associated with a curve to east would be increased, because the question of the east curve was not in issue and whether traffic signs should be erected was a matter for the expertise of the road commission.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 May 13, 1971, at Lansing. (Docket No. 10509.) Decided January 25, 1972.

Petition for condemnation by the Livingston County Board of Road Commissioners against

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 27 Am Jur 2d, Eminent Domain § 468 *et seq.*

Harry Herbst, Bruce P. Herbst, and Clara E. Herbst. Petition dismissed. Petitioner appeals. Reversed and remanded with instructions.

*Travis, Warren, Nayer & Burgoyne* (by *Bert Burgoyne* and *Frederick D. Steinhardt*), for petitioner.

*Laird & Grace*, for defendants.

Before: McGREGOR, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

PER CURIAM. This case arises out of condemnation proceedings instituted under MCLA §§ 213.361–213.381 (Stat Ann 1971 Cum Supp §§ 8.261[1]–8.261[21]).

The road commission instituted proceedings to condemn 1.33 acres of defendants' land in order that the intersection of Brighton and Bauer Roads might be relocated. Defendants moved to review the necessity of the taking pursuant to MCLA § 213.368 (Stat Ann 1971 Cum Supp § 8.261[8]), alleging an abuse of discretion on the part of the board. The trial court found the board abused its discretion and entered a judgment dismissing the board's petition. From that judgment the board appeals.

The board filed a declaration of necessity along with its petition, asserting that relocation was necessary by reason of the high accident rate in the area of the present intersection. The law with regard to the effect of a declaration of necessity by a condemning authority was set forth in the recent decision of this Court in *Kalamazoo Road Commis-*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*sioners* v. *Dosca* (1970), 21 Mich App 546, 548, wherein it was held:

"A declaration of necessity by the condemning · authority serves as *prima facie* evidence of the necessity and consequently makes it incumbent upon the property owner to show the contrary. *City of Allegan* v. *Vonasek* (1932), 261 Mich 16. The record in this case fails to show that the defendants have overcome plaintiff's *prima facie* show of necessity by any proofs of fraud or an abuse of discretion."[1]

PA 1966, No. 295 (MCLA §§ 213.361–213.391, *supra*) gave the legislative authority to determine necessity to the instant condemning agency. Judicial review of the necessity of the taking was provided for by way of a petition in circuit court by any person having a justifiable interest and "claiming fraud or abuse of discretion, or both". MCLA § 213.368, *supra*.

In the instant case, the board had determined that the intersection in question was a traffic hazard and that the relocation to the north would not only alleviate this condition, but also would improve visibility and be less expensive than relocation to the south.

At the circuit court hearing, the petitioner presented two civil engineers, the clerk of the board, and an individual who resided to the south of the present intersection in support of the conclusions previously arrived at. The defendants, on the other hand, although having the burden of proof, offered no evidence whatsoever; but rather they argued that the proposed relocation would increase the hazard

---

[1] In fairness to the learned circuit judge, it should be mentioned that it is within the realm of possibility that he did not have the benefit of this decision on October 19, 1970, the date upon which the judgment was signed.

associated with a curve located to the east and that
the hazard associated with the present intersection
could be alleviated by the use of speed limit signs.
The board countered these arguments by claiming
that they could afford only the proposed improve-
ment, but that the curve to the east would be im-
proved as soon as possible.

The court found that the board had acted "within
its limitations in the area of money", that evidence
was lacking in regard to correction of a curve to the
east, and that no efforts had been made to alleviate
the present hazard by the use of speed limit signs.

Consequently, we have the issue:

*Did the trial court err in finding that the road com-
mission abused its discretion in determining that it
was necessary to relocate the road and intersection,
and thereby required the acquisition of defendants'
land for such relocation?*

What authority did the trial judge have in re-
viewing the actions of the road commission? What
general policy should be adopted for such a situa-
tion?

Fortunately, we have a decision from the State of
Texas which throws some light on the subject. In
*Webb* v. *Dameron* (Tex Civ App, 1949), 219 SW2d
581, 584, it was held:

"Necessarily a broad discretion is vested in those
to whom power of eminent domain is delegated, and
as a general rule the courts of this country will not
disturb their action in the absence of fraud, bad
faith, or gross abuse of discretion."

Additional assistance is found in *United States* v.
*Agee* (CA 6, 1963), 322 F2d 139, 141, where it was
held:

"First we consider the question of the scope of
judicial review. Appellee argues that the district

court and this Court are foreclosed absolutely from reviewing the decision of the condemning authority. We are unwilling so to hold, though it is well-established that the scope of judicial review of administrative determinations in eminent domain proceedings is extremely narrow."

Again, we must emphasize the fact that the burden of proof was on the defendants. Certainly, the fact that the relocation to the north would cost less would not be fraud or an abuse of discretion. Further, the plans for the other curve were not before the court at that hearing and the question of whether or not signs should be erected would be a matter of judgment addressed to expertise of the road commission.

While this Court has repeatedly held that it does not reverse a trial judge, sitting without a jury, unless the findings are clearly erroneous, regretfully, after a careful review of the record as here presented, we hold that the trial court was clearly erroneous in finding that the Board of County Road Commissioners abused its discretion in its determination of necessity.

Reversed and remanded for proceedings not inconsistent with this opinion.