STATE HIGHWAY COMMISSION v TAYLOR

1. EMINENT DOMAIN—JUDICIAL REVIEW.

    Courts do not disturb the actions of a condemning authority in the absence of fraud, bad faith, or gross abuse of discretion (MCLA 213.368).

2. EMINENT DOMAIN—HIGHWAYS—FUTURE DEVELOPMENTS.

    The State Highway Department did not abuse its discretion in condemning defendants' land to construct an entry ramp to a highway where defendants' plan, to construct the ramp without crossing defendants' land, was not as safe or feasible as the plan proposed by the state in view of proposed future developments.

Appeal from Montcalm, Leo B. Bebeau, J. Submitted Division 3 June 8, 1972, at Grand Rapids. (Docket No. 12887.) Decided June 27, 1972. Leave to appeal denied, 388 Mich 776.

Complaint by the State Highway Commission against Robert L. Taylor, Virginia C. Taylor, Hollis E. Taylor, Jr., Vivian A. Taylor, George M. Taylor, and Ruth B. Taylor for condemnation of property. Judgment for plaintiff. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *George J. Platsis,* Assistants Attorney General, for plaintiff.

*Russell & Ward,* for defendants.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur 2d, Eminent Domain § 114.
[2] 26 Am Jur 2d, Eminent Domain § 119.

Before: R. B. BURNS, P. J., and LEVIN and TAR-GONSKI,* JJ.

R. B. BURNS, P. J. This is an action by the State Highway Commission for the condemnation of private property for highway purposes.

Defendants own 80 acres with present and advantageous access to Edgar Road. The state's interchange design, if carried out, would prevent access to Edgar Road due to an extension of a proposed entry ramp. beyond defendants' property line. Through the testimony of an engineer, Paul C. Box, defendants introduced another design which they claim would accomplish the same result for the state without sacrificing safety, construction costs, or general layout. The plan would allow defendants the use of Edgar Road and would only require the far end of the highway ramp be moved 300 feet to the west. The defendants claim the commission abused its discretion by not utilizing defendants' plan. Van Kampen, an engineer for the State Highway Department, testified that in his opinion the plan submitted by Mr. Box was not as safe nor as feasible as the plan proposed by the state in view of proposed future developments.

Following a full evidentiary hearing the circuit court concluded that the plan and design of the highway department was acceptable and there was no abuse of discretion in the property taking or in the ramp design. Defendants appeal this decision.

The only questions presented are whether the trial court erred in holding that the taking was necessary and whether there was an abuse of discretion in using the state highway construction design.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

In *Kalamazoo Road Commissioners v Dosca,* 21 Mich App 546, 548 (1970), we held:

"A declaration of necessity by the condemning authority serves as *prima facie* evidence of the necessity and consequently makes it incumbent upon the property owner to show the contrary. *City of Allegan v Vonasek,* 261 Mich 16 (1932)."

Judicial review is allowed where a person having a justiciable interest claims fraud or abuse of discretion. MCLA 213.368; MSA 8.261(8); *Livingston County Road Commissioners v Herbst,* 38 Mich App 150 (1972).

In *Herbst* we concluded that the condemning authority has a delegated broad discretion and as a general rule courts do not disturb their action in the absence of fraud, bad faith, or gross abuse of discretion. Judicial review is extremely narrow.

We hold under the facts of this case the highway commission did not abuse its discretion.

Affirmed. No costs, a public question.

All concurred.