PEOPLE v SABO

1. COURTS—PROBATE COURT—JURISDICTION—JUVENILES.
   The probate court has exclusive original jurisdiction over juveniles under 17 years of age (MCLA 712A.2[a]).

2. INFANTS—COURTS—PROBATE COURT—JURISDICTION—JUVENILES—
   STATUTES.
   The probate court does not have jurisdiction over a 17-year-old unless the youth meets one or more of six statutory conditions, and then the probate court's jurisdiction is only concurrent (MCLA 712A.2[b]).

3. COURTS—CIRCUIT COURT—JURISDICTION—JUVENILES—CONSTITU-
   TIONAL LAW.
   The circuit courts have original jurisdiction in all matters not prohibited by law, and there is no statute which prohibits circuit court jurisdiction over a 17-year-old accused of a felony (Const 1963, art VI, § 13).

4. INFANTS—CRIMINAL LAW—CIRCUIT COURT—PROBATE COURT—JURIS-
   DICTION—JUVENILES.
   The circuit court has original jurisdiction over a 17-year-old who is charged with safe robbery and breaking and entering a building with intent to commit larceny; the circuit court's jurisdiction in such a case is concurrent with the probate court only when one of six statutory conditions exist (MCLA 712A.2[b]).

5. INFANTS—CRIMINAL LAW—CIRCUIT COURT—PROBATE COURT—JUVE-
   NILES—WAIVER OF JURISDICTION.
   The circuit court, or any court of record other than probate, has the authority to waive jurisdiction of a 17-year-old and transfer the case to probate court where one or more of the statutory conditions exist (MCLA 764.27, 712A.2[d]).

REFERENCES FOR POINTS IN HEADNOTES
[1–6] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 19, 20, 26, 27, 35.
[7] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 13–15.

6. INFANTS—CRIMINAL LAW—CIRCUIT COURT—PROBATE COURT—
  TRANSFER OF JURISDICTION—STATUTES— CONSTITUTIONAL LAW.
    The original jurisdiction of a circuit court over a 17-year-old
    defendant is unaffected by the constitutionality or unconstitu-
    tionality of the statute which grants a circuit court the author-
    ity to waive jurisdiction over 17-year-olds to a probate court
    (MCLA 764.27).

7. APPEAL AND ERROR—GROUNDS OF DECISION—CONSTITUTIONAL LAW.
    Appellate courts do not reach constitutional questions when the
    case under consideration may fairly be disposed of on other
    grounds.

Appeal from Houghton, Stephen D. Condon, J.
Submitted October 15, 1975, at Marquette. (Docket
No. 22472.) Decided November 13, 1975. Leave to
appeal denied, 396 Mich 849.

Michael F. Sabo was convicted, on his plea of
guilty, of breaking and entering with intent to
commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Sterling W.
Schrock,* Prosecuting Attorney, for the people.

*Wisti & Jaaskelainen* (by *James F. Tercha),* for
defendant.

Before: ALLEN, P. J., and DANHOF and M. F.
CAVANAGH, JJ.

ALLEN, P. J. This appeal presents the question of
first impression of whether the concurrent jurisdic-
tion conferred over 17-year-old defendants by
MCLA 712A.2(d); MSA 27.3178(598.2)(d) is consti-
tutionally defective by reason of a lack of stan-
dards indicating under what conditions the circuit
court should defer jurisdiction to the probate
court. Although the identical issue is now pending
before the Supreme Court on leave granted in
*People v Dupie,* 392 Mich 785 (1974), that case
involves numerous other issues and accordingly

the Supreme Court may not dispositively speak to the constitutional issue involved herein.[1]

Defendant, who was then 17 years of age, was charged with the dual counts of safe robbery at the Calumet High School and breaking and entering the school building with intent to commit larceny, MCLA 750.110; MSA 28.305. On October 25, 1974, he pled guilty to the breaking and entering charge and was sentenced to five years probation, the first six months thereof to be served in the county jail. Prior to defendant's guilty plea, defense counsel moved to dismiss the charges against defendant for lack of jurisdiction or, in the alternative, to waive jurisdiction to the probate court. As part of the motion argument, defendant offered evidence purporting to bring defendant within the concurrent circuit court-probate court jurisdiction as prescribed in MCLA 712A.2(d). In particular, testimony was introduced that defendant drank excessively. The trial court dismissed the motion.[2]

Defense counsel's claim of error is sophisticated but may be summarized as follows: (1) defendant's prior conduct placed him within the concurrent jurisdiction defined under MCLA 712A.2(d); (2) MCLA 712A.2(d) fails to define standards to guide the circuit court in exercising its discretion on

---

[1] The constitutional issue was raised together with seven other grounds for appeal in *People v Dupie,* an unpublished memorandum opinion, No. 16669, released May 21, 1974. As to the constitutional issue, the Court of Appeals stated only that it was "without merit". August 7, 1974, the Supreme Court granted leave to appeal. *People v Dupie, supra.*

[2] Counsel's motion was made in two parts: first, that the circuit court had no jurisdiction over the case, and *second,* if the circuit court did have jurisdiction the testimony of witnesses to be called would justify the court's waiver of jurisdiction to the probate court. The trial court rejected the first part of the motion after hearing opening arguments by both parties and dismissed the second part of the motion after taking testimony. On appeal to this Court, only the first part of defendant's motion is assigned as error.

when to waive jurisdiction to the probate court; (3) under *People v Fields,* 388 Mich 66; 199 NW2d 217 (1972), and upon rehearing in *People v Fields,* 391 Mich 206; 216 NW2d 51 (1974), MCLA 712A.2(d) is unconstitutional; (4) therefore original jurisdiction reposes in the probate court.

Assuming, *arguendo,* that counsel is correct as to (1), (2) and (3) in this chain of logos—assumptions which we make only for the purpose of argument—it does not follow that jurisdiction rests in the probate court. To the contrary, we conclude that given the assumptions above, jurisdiction would repose in the circuit court.

*Fields, supra,* concerned a situation which is the converse of the case before us. There, a 16-year-old was accused of breaking and entering and of uttering and publishing checks. Because he was under age 17, he was brought before the probate court where the prosecuting attorney moved under then MCLA 712A.4; MSA 27.3178(598.4) to treat the accused as an adult and transfer jurisdiction to the circuit court. The motion was granted and defendant appealed, claiming the statute was void because it lacked standards for determining whether or not the probate judge should waive jurisdiction. In the first *Fields* case, *supra,* the Supreme Court agreed:

"Absent carefully defined standards in the statute itself which would justify such disparity of treatment, there is no way by which it can be determined what standard a probate judge should apply in a waiver proceedings. He might use the standards used by Judge O'Brien. He might use the standard contended for by the prosecutor—'the child's welfare and the best interest of the state.' This standard is so vague and subject to so many possible interpretations as to be no standard at all. He might formulate his own standard for review by the appellate courts of this state on a case-by-case

basis. He might apply the standards set forth in JCR 1969, 11." 388 Mich at 75–76.

The Legislature then amended the statute so as to provide standards.[3] Subsequently, rehearing was granted and in the second *Fields* case the Supreme Court in a 3-2 decision reaffirmed its earlier opinion but limited the retroactive effect to cases pending prior to the date of the amendatory act. However, the amendatory act dealt only with offenders under age 17, these being offenders over whom the juvenile court clearly has original jurisdiction and did not touch age 17 and 18 offenders described in MCLA 712A.2(d) against whom criminal proceedings commence in circuit court.

The distinction is made since neither *Fields* decision attacked the basic jurisdiction but only found the transfer section invalid. Thus, any difficulty in MCLA 712A.2(d) which may exist because of *Fields* does not reach the basic jurisdiction of the circuit court but only the potential transfer to the probate court. If MCLA 712A.2(d) is unconstitutional because of lack of standards, jurisdiction over defendant Sabo remains in the circuit court.

Defense counsel attempts to rebut this conclusion via the following argument: Article VI, § 15 of the Michigan Constitution of 1963 provides that the probate court and its judges "shall have original jurisdiction in all cases of juvenile delinquents and dependents, *except as otherwise provided by law*" (emphasis supplied); there are but two statutes relating to jurisdiction over 17-year-olds;[4] since each is unconstitutional under *Fields, supra,*

---

[3] 1972 PA 265, effective October 3, 1972; MCLA 712A.4; MSA 27.3178(598.4).

[4] MCLA 712A.2(d); MSA 27.3178(598.2)(d) referred to above and Chapter IV, § 27 of The Code of Criminal Procedure, MCLA 764.27; MSA 28.886, referred to *infra.*

the constitutional provision alone must govern court jurisdiction.

We must reject the defendant's argument because the law has provided otherwise with respect to original jurisdiction of 17-year-olds, and because *Fields, supra,* deals with waiver of jurisdiction, not necessarily the jurisdiction in itself. MCLA 712A.2(a); MSA 27.3178(598.2)(a) grants exclusive original jurisdiction over juveniles under 17 years to the probate court. As to 17-year-olds, the probate court does not have jurisdiction unless the youth meets one or more of the six conditions listed in § 712A.2(d), and then the probate court's jurisdiction is only concurrent. To provide that the probate court has concurrent jurisdiction over 17-year-olds under limited circumstances, implies, necessarily, that some other court or courts have jurisdiction over such youths. Article VI, § 13 of the Michigan Constitution of 1963 provides that the circuit courts "have original jurisdiction *in all matters not prohibited by law".* (Emphasis supplied.) Counsel has referred the Court to no statute prohibiting circuit court jurisdiction over a 17-year-old accused of a felony, and we have found none.

It is evident that the circuit court has original jurisdiction over 17-year-olds in cases such as this one and that said jurisdiction is concurrent with the probate court only when one of the conditions in § 712A.2(d) exists. Added support to this view is found in Chapter IV, § 27 of The Code of Criminal Procedure, MCLA 764.27; MSA 28.886, which grants the circuit court, or any court of record other than probate, authority to waive jurisdiction of 17-year-olds, and transfer the case to probate court where one or more of the conditions in

§ 712A.2(d) exists.[5] One would find it hard to assume that the circuit court could waive jurisdiction without having jurisdiction initially. Therefore, even if the holding of *Fields, supra,* were extended to invalidate the discretionary authority of the circuit court to transfer jurisdiction to the probate court in cases of the instant statute, original jurisdiction of the circuit court remains unaffected. Accordingly, we find that the circuit court had jurisdiction and that the trial court did not err in dismissing the first portion of defendant's motion.

Admittedly, our decision does not directly respond to the constitutional issue posed in the first paragraph of this opinion. Neither do we intend to rule, by implication, that the statute is unconstitutional. Appellate courts of this state do not reach constitutional questions when the case under consideration may fairly be disposed of on other grounds. *Lansing v Jury Rowe Realty Co,* 59 Mich App 316, 320; 229 NW2d 432 (1975). Since no error is claimed on this appeal as to the trial court's

---

[5] " * * * If, during the pendency of any criminal case against any child in any court in this state, it is ascertained that the child is *under* the age of 17 years, the court shall immediately transfer such case, together with all papers connected therewith to the juvenile division of the probate court of the county wherein the offense is alleged to have been committed. Where a child over the age of 15 years is charged with a felony the judge of probate, after investigation and examination, and upon motion of the prosecuting attorney, may waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offenses. If, *during the pendency of any criminal case against any child in any court of record other than a probate court, it is determined that the child is 17 years of age,* then the court if the court finds that any of the conditions exist as outlined in subsection (d) of section 2 of chapter 12A of Act No. 288 of the Public Acts of 1939, as amended, upon motion of the prosecuting attorney, the child or his or her representative, may transfer such case together with all papers connected therewith to the juvenile division of the probate court of the county wherein the offense is alleged to have been committed." (Emphasis supplied.)

ruling on the second portion of defendant's motion, we do not speak to that issue.

Affirmed.